FREDERICK H. REUTER, Doing Business as McCROSKY-REUTER, Appellant, v. TOWN OF BABYLON, Respondent.— In an action to recover upon a contract for services, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated January 31, 1972, which granted defendant's motion to dismiss the action as untimely brought. Order reversed, with $20 costs and disbursements, and motion remanded to Special Term for a hearing and a new

determination, in accordance with the views set forth herein. The action was commenced in December, 1971. Special Term, by the order under review, dismissed the action as untimely brought. Subdivision 3 of section 65 of the Town Law provides in part that no action shall be maintained against a town upon a contract unless the same shall be commenced within 18 months after the cause of action shall have accrued. The question, then, is when did plaintiff's cause of action accrue? Defendant claims, and Special Term agreed, that it accrued no later than January 9, 1970, when the Town Attorney formally rejected plaintiff's study and "invoice" for services rendered, the rejection being on account of an alleged prior breach of contract by plaintiff. Plaintiff, however, contends that it accrued, if at all, only after April 5, 1971, when the town apparently neglected or refused to audit his verified voucher. Plaintiff thus relies upon section 118 of the Town Law, which, with certain exceptions, prohibits the town from paying any claim unless a certified itemized voucher has been presented, audited and allowed. If section 118 is applicable here, it would appear that the cause of action did not accrue and that the limitation period did not begin to run until April, 1971 at the earliest (*J. C. Georg Serv. Corp. v. Town of Summit*, 28 A D 2d 578; *Rason Asphalt v. Town of Oyster Bay*, 8 Misc 2d 411, mod. on other grounds 6 A D 2d 810). However, on this record, we cannot determine whether plaintiff's contract claim even falls within the purview of section 118, for one of the statutory exceptions to the audit requirements is "amounts becoming due upon lawful contracts for periods exceeding one year". The parties' contract, entered into in December, 1967, contains nothing to delimit its term. Therefore, there must be a hearing on the question of whether the instant contract is governed by the audit requirements of section 118. If it is so governed, the suit was timely commenced; if it is not so governed, the suit would be time-barred. Hopkins, Acting P. J., Munder, Martuscello, Christ and Benjamin, JJ., concur.