AETNA CASUALTY AND SURETY DIVISION OF AETNA LIFE AND CASUALTY CO., Appellant, v SANDY HILL CORPORATION, Respondent.

Third Department, November 10, 1976

*Julien & Schlesinger, P. C. (Alfred S. Julien* and *David Jaroslawicz* of counsel), for appellant.

*Layden & Layden (Edward F. Layden* of counsel), for respondent.

SWEENEY, J. The underlying cause of action is one for wrongful death. The decedent was killed on September 4, 1971 and his surviving spouse, after a hearing on November 30, 1971, was awarded workmen's compensation death benefits. By a letter dated February 15, 1973 plaintiff Aetna served decedent's spouse with the requisite notice that due to her failure to institute a third-party action, it intended to do so. The instant action was commenced on February 12, 1974 by the service of a summons. After the complaint was served defendant's motion to dismiss the complaint was granted by Special Term on the ground that the action was barred by the Statute of Limitations. This appeal ensued.

An action for wrongful death must be commenced within two years after the decedent's death (EPTL 5-4.1). Plaintiff derives the right to bring the instant action from the provisions of section 29 of the Workmen's Compensation Law, which provides, *inter alia,* for statutory assignment of the cause of action to the workmen's compensation carrier where decedent's dependents fail to bring a third-party action within six months after the awarding of compensation.

In urging reversal it is plaintiff's sole contention that it was prohibited by statute from commencing an action for a period of at least six months and, therefore, the applicable Statute of Limitations was tolled for that period. With this contention we are unable to agree.

Plaintiff's cause of action is the same cause of action pos-

sessed by decedent's spouse prior to the statutory assignment, which assignment conferred no rights greater than those possessed by the spouse and the action is subject to the same limitations *(Exchange Mut. Ind. Ins. Co. v Central Hudson Gas & Elec. Co.,* 243 NY 75). Plaintiff, however, would have us conclude that since it could not bring the action for six months after the payment of death benefits, there was a statutory prohibition as contemplated by CPLR 204 (subd [a]). We arrive at a contrary conclusion. From a reading of section 29 of the Workmen's Compensation Law, it is clear that in the instant case there was always someone who could commence the action. While admittedly plaintiff could not bring one for six months, such is not, in our view, a statutory prohibition encompassed by CPLR 204 (subd [a]), and plaintiff's reliance on *Serravillo v New York City Tr. Auth.* (51 AD2d 1027) is misplaced as is its reliance on *Atlantic Mut. Ins. Co. v State of New York* (50 AD2d 356).

In the *Atlantic* case we were concerned with whether a potential carrier subrogee under section 29 of the Workmen's Compensation Law could prospectively file a claim pursuant to section 10 of the Court of Claims Act where it developed that the carrier had timely done all it could to protect its rights. This court determined that it could, stating that a contrary holding would produce a harsh and unfair result and, in fact, deprive the carrier of its cause of action in spite of its diligence. This, in effect, would frustrate the purpose of the statute to permit the carrier to succeed to the rights of the injured party. In the instant case, however, it is significant that the plaintiff delayed some eight months before bringing the action and had it acted diligently there was ample time to commence the action within the statutory period. Special Term, in our view, properly granted the motion to dismiss the complaint.

The order should be affirmed, with costs.

KOREMAN, P. J., GREENBLOTT, MAHONEY and REYNOLDS, JJ., concur.

Order affirmed, with costs.