■ CARIN BLANKOFF, Respondent, v RANDY J. VITUCCI et al., Defendants, and TRAVELERS INSURANCE COMPANY, Appellant.—Appeal by Travelers Insurance Company, a workers' compensation carrier, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated February 15, 1978, as granted the plaintiff's motion to vacate its lien on the settlement proceeds of the action between plaintiff and defendants. Order reversed insofar as appealed from, on the law, without costs or disbursements, and plaintiff's motion is denied. Special Term held that a workers' compensation carrier, which has made payments for compensation and medical expenses to a claimant injured during the course of his employment, may not assert a lien pursuant to subdivision 1 of section 29 of the Workers' Compensation Law against the proceeds of a judgment on settlement obtained by the claimant against the third-party tort-feasor pursuant to article 18 of the Insurance Law (no-fault). While this holding was in accord with appellate case law, as it then existed (see *Matter of Granger v Urda,* 54 AD2d 377; cf. *Grello v Daszykowski,* 58 AD2d 412), the Court of Appeals, in *Matter of Granger v Urda* (44 NY2d 91), subsequently held that the workers' compensation carrier could assert its lien under the circumstances described. Accordingly, the order of Special Term must be reversed insofar as appealed from and plaintiff's motion to vacate the carrier's lien must be denied. Suozzi, J. P., Lazer, Rabin and Cohalan, JJ., concur.