### (January 29, 1981)

■ RONALD H. LABERGE, P. C., Respondent, v TOWN OF INLET, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered May 19, 1980 in Hamilton County, which denied defendant's motion for summary judgment. This appeal is limited solely to the question of the timeliness of plaintiff's notice of claim (Town Law, § 65, subd 3). As noted by Special Term, no action arising out of a contract may be maintained against a town unless a notice of claim has been filed within six months of the accrual of the cause of action. Here, the notice of claim was filed May 26, 1978. Thus, the cause of action cannot have accrued prior to November 26, 1977, or it is untimely as a matter of law. Initially, we reject the defendant town's contention that the notice of claim is jurisdictionally defective since it does not contain a recitation of the accrual date of the cause of action. Case law cited by defendant is inapposite. Such date must be contained in the complaint in actions involving municipalities (Salesian Soc. v Village of Ellenville, 41 NY2d 521; see, also, Hart v East Plaza, 62 AD2d 113, mot for lv to app dsmd 45 NY2d 776), but need not be set forth in claims against a town (see Town Law, § 65, subd 3). Next, the defendant town's argument that plaintiff's action accrued on April 25, 1977 when the town wrote refusing to pay the voucher submitted by plaintiff is not so clear that it can serve as a predicate for relief as a matter of law. Plaintiff's cause of action for breach of contract could not accrue until plaintiff possessed a legal right to demand payment (City of New York v State of New York, 40 NY2d 659). If that right is subject to a condition, the obligation to pay does not arise, nor, therefore, does the cause of action accrue until the condition has been met (Kassner & Co. v City of New York, 46 NY2d 544, 550). The contract itself must be examined to determine the existence of a condition (Kassner & Co. v City of New York, supra). Here, the terms of payment set forth in the contract for engineering services in connection with the construction of a new town hall were modified by the town board's resolution "Authorizing the Laberge Engineering Firm to go ahead with the plans and specifications for the Town Hall *with payment deferred until bonds are sold*" (emphasis added). The promise to pay when "bonds are sold" is a conditional promise and should be treated as a condition precedent to accrual of the cause of action (cf. Reuter v Town of Babylon, 40 AD2d 710; 5 Williston, Contracts [3d ed], § 804). Such promises become enforceable only when the condition to payment is fulfilled. Thus, plaintiff could not have demanded payment until bonds were sold and the record is unclear as to whether the defendant town ever sold any bonds. The town hall was ultimately built with Federal revenue sharing funds. Since we cannot say that plaintiff's right to demand payment ever accrued, we conclude that summary relief is inappropriate. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.