SAFECO INSURANCE COMPANY OF AMERICA, Respondent, v
JAMAICA WATER SUPPLY COMPANY, Appellant.

Second Department, December 14, 1981

### APPEARANCES OF COUNSEL

*O'Connor & Hayes, P.C. (John R. O'Connor* of counsel),
for appellant.

*Quinlan & Sidney (Terence M. Quinlan* of counsel), for
respondent.

### OPINION OF THE COURT

HOPKINS, J. P.

Plaintiff is an insurance carrier suing to recover from
the defendant first-party benefits plaintiff paid to its in-
sured pursuant to statute (Insurance Law, § 673, subd 2).
The defendant's negligence allegedly caused the personal
injuries sustained by the insured. Prior to answering, the
defendant moved to dismiss the complaint on the ground
that the action was barred by the three-year Statute of
Limitations (CPLR 214).

Before the institution of this action, the insured had sued the defendant and the City of New York for damages arising from his personal injuries. An arbitrator had thereafter ruled that the plaintiff did not have a lien for the amount paid as first-party benefits against any recovery in the action brought by the insured. The arbitrator's determination was confirmed by the Supreme Court.

The defendant's motion to dismiss the complaint because of the bar of the Statute of Limitations was grounded on the failure to initiate the action within three years of the happening of the accident by which the insured suffered his injuries. Special Term denied the motion, holding that the action was not barred, since the statute authorizing it (Insurance Law, § 673, subd 2) had, by its terms, tolled two years of the three-year period.

We affirm the denial of the motion, although we do so on a different aspect of the statute. We construe the statute as creating an action to be brought by an insurer against a third party for the first-party benefits paid to an insured where such an action had not existed previously; and we hold, accordingly, that the three-year period of limitations must be measured, not from the time of the happening of the event whereby the injuries were suffered, but from the time when the insurer was entitled to sue.

I

Leon Morris, plaintiff's insured, was injured on March 21, 1977 when his automobile struck a metal plate at the site in a street where the defendant was engaged in work. The plaintiff provided first-party (no-fault) benefits to Morris in the full amount of $50,000. Morris instituted an action during 1977 against the defendant and the City of New York to recover for personal injuries suffered by reason of the accident. On October 24, 1978 the plaintiff informed Zurich Insurance Company, the defendant's insurer, that it had a lien on any recovery obtained by Morris in his action.

On November 29, 1978 Morris demanded arbitration against the plaintiff to resolve the issue of whether the plaintiff rightfully possessed a lien on any recovery which might be directed in Morris' action. On April 24, 1979 the

arbitration resulted in a decision that the plaintiff did not have a lien on any such recovery, because Morris was not suing for basic economic loss. The arbitrator's decision was thereafter confirmed by the Supreme Court in or about September, 1979.

On October 21, 1980 (more than three and a half years after the accident in which Morris was injured), the plaintiff brought this action to recover the first-party benefits paid by it to Morris. The defendant then moved to dismiss the complaint, claiming that the action was barred by the three-year Statute of Limitations (CPLR 214).

Special Term denied the motion. It found that the plaintiff's action was in the nature of subrogation and therefore subject to all defenses which might be asserted against Morris, including the bar of the Statute of Limitations, and that there was an operative toll of the statute during the two-year period prescribed by subdivision 2 of section 673 of the Insurance Law for the commencement of an action by the injured party to recover for first-party benefits. Hence, Special Term concluded that the plaintiff's action had been timely instituted.

II

Subdivision 2 of section 673 of the Insurance Law reads, so far as pertinent, as follows: "In any action by or on behalf of a covered person, against a noncovered person, where damages for personal injuries arising out of the use or operation of a motor vehicle or a motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person * * * The failure of such person to commence such action within two years after the accrual thereof shall operate to give the insurer a cause of action for the amount of first party benefits paid or payable against any person who may be liable to the covered person for his personal injuries, which cause of action shall be in addition to the cause of action of the covered person; provided, however, that in any action subsequently commenced by the covered person for such injuries, the amount of his basic economic loss shall not be recoverable."

Fairly construed, the language of subdivision 2 of section 673 confers on the insured an option to bring an action against a noncovered person to recover damages for personal injuries; in the event the insured brings such an action, the insurer has a lien on the recovery to the extent of the first-party benefits; and in the event the insured does not bring such an action within two years of the accrual thereof, the insurer may sue for the recovery of the first-party benefits.

In this case, although the insured brought his action against the defendant within two years of the accident, through the arbitration it was determined that the insured's action did not include a demand for first-party benefits. Accordingly, plaintiff argues that it was in the same position vis-à-vis the first-party benefits as though no action had been brought by the insured.

### III

The defendant's submission for reversal is that the tolling provisions of CPLR 204 (subd [a]) do not apply to subdivision 2 of section 673 of the Insurance Law. CPLR 204 (subd [a]) reads as follows: "Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced."

CPLR 204 (subd [a]) makes two conditions requirements for a toll — either a stay of a court, or a prohibition by statute. Clearly, no stay had been granted here, and if a toll arises under CPLR 204 (subd [a]), it must be because a statutory prohibition was effective under subdivision 2 of section 673 of the Insurance Law. However, it must be remarked that subdivision 2 of section 673 prohibits nothing; instead, it authorizes an action by the insurer in the event that the insured does not bring his action within two years of the incident causing the injury. Hence, the right of action was not prohibited — for the insured could have brought it — and the provisions of CPLR 204 (subd [a]) under such circumstances do not apply (*Aetna Cas. & Sur. Div. of Aetna Life & Cas. Co. v Sandy Hill Corp.*, 54 AD2d 222, 224; 1 Weinstein-Korn-Miller, NY Civ Prac, par 204.03, pp 2-118-2-119).

Thus, we are compelled to disagree with Special Term's reason for the denial of the defendant's motion to dismiss the complaint.

## IV

The question, as we see it, turns on the character of the action bestowed on the plaintiff by subdivision 2 of section 673 of the Insurance Law. It is not truly a negligence action, such as falls within the compass of CPLR 214 (subd 5); it is rather "an action to recover upon a liability * * * created * * * by statute", under CPLR 214 (subd 2). Though the difference is not one of degree, for each imposes a three-year limitation on the action, it is a difference in kind, for varying consequences follow from the consideration, among others, of the date of the accrual of a cause of action "created * * * by statute," in contrast to the date of the accrual of an action to recover for personal injuries due to negligence.

We begin with the proposition that the "no-fault" concept embodied into statute (Insurance Law, art 18) modifies the common-law system of reparation for personal injuries under tort law *(Montgomery v Daniels,* 38 NY2d 41, 46), and that first-party benefits are a form of compensation unknown at common law, resting on predicates independent of the fault or negligence of the injured party. Hence, the provisions of subdivision 2 of section 673 in general engender a liability of a statutory origin (cf. *City of Buffalo v Maggio,* 27 AD2d 635, affd 21 NY2d 1017).

The statutory lien granted to an insurer for first-party benefits is designed to prevent a double recovery *(United States Fid. & Guar. Co. v Stuyvesant Ins. Co.,* 61 AD2d 1122, 1123) and does not deprive the insurer of its cause of action for first-party benefits whenever the insured does not sue within two years for personal injuries *(Bond v Hitchcock,* 71 AD2d 1052, 1053).

Moreover, the direction of subdivision 2 of section 673 is explicit: it states that the failure of the insured to initiate an action within the two-year period, "shall operate to give the insurer a cause of action for the amount of the first party benefits paid or payable * * * which cause of action shall be *in addition* to the cause of action of the covered

person" (emphasis supplied). The creation of the cause of action by statute could not be more plain. The cause of action thus endowed is not derivative, as it would be if it were in the nature of subrogation, since the statute states that it is "in addition" to the insured's cause of action.

That the legislative intent was to create an independent action in favor of the insurer also appears from the language of the statute that the insurer may sue for the first-party benefits "paid or payable". At common law, a right of subrogation does not come into existence until the insurer has actually paid the debt owing *(Globe Ind. Co. v Atlantic Lighterage Corp.,* 244 App Div 97, 100, affd 271 NY 234), and liability to pay alone did not permit the insurer to sue *(American Sur. Co. of N.Y. v Palmer,* 240 NY 63, 67; 57 NY Jur, Suretyship and Guaranty, § 318, p 749). Thus, the purpose of the statute to create a new cause of action is reinforced.

V

The inquiry posed by this appeal is not answered, however, until the date of the accrual of the cause of action is ascertained. Commonly, an action to recover for a liability created by statute is required to be instituted according to the language of the statute generating the liability *(City of New York v State of New York,* 40 NY2d 659, 668; *Georg Serv. Corp. v Town of Summit,* 28 AD2d 578, 579; *Reuter v Town of Babylon,* 40 AD2d 710, 711). In *City of New York v State of New York (supra),* for example, the statute creating the liability provided that a claim must first be filed with the Court of Claims within six months after the accrual of such claim. Hence, the Court of Appeals was called upon to determine when the claim had accrued. Since the statute creating the liability required that amounts certified for payment were to be paid only "after audit by the state comptroller", it was held that the claim did not accrue until audit by the Comptroller, rather than from the time that the claim was presented.

To be distinguished, again, are the cases arising under *section 29* of the Workers' Compensation Law, allowing reimbursement of a carrier for compensation paid to an injured worker by suit against the third party whose

negligence caused the injury. Since the statute in that instance speaks in terms of subrogation, the carrier has no greater rights than the worker and must bring the action within the span of the Statute of Limitations applicable to an action brought by the worker *(Exchange Mut. Ind. Ins. Co. v Central Hudson Gas & Elec. Co.,* 243 NY 75, 80; see, generally, Ann., 91 ALR3d 844).

Neither the provisions of the Insurance Law nor the CPLR define the meaning of accrual of a cause of action *(Cubito v Kreisberg,* 69 AD2d 738, 745, affd 51 NY2d 900; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.01, pp 2-59-2-61), and we therefore must seek the time of the accrual of the cause of action conferred on the insurer by subdivision 2 of section 673 of the Insurance Law through interpretation of the words used.

Since, as we have found, the statute was intended to, and clearly provides, that a new and independent action is created in favor of the insurer, but only upon the lapse of two years after the injury to the insured, during which the insured had failed to sue for first-party benefits, the insurer's action could not accrue until after both of these conditions have been satisfied. Subdivision 2 of section 673 does not, either expressly or impliedly, evince any intent that the usual term of the applicable Statute of Limitations be shortened or modified in any way. Hence the insurer here was entitled to sue for the first-party benefits within three years after the completion of two years after the injury (since Morris had not sued for such benefits during that period of two years).

VI

It follows that the insurer's action was timely initiated and the order appealed from should be affirmed, with $50 costs and disbursements.

GIBBONS, RABIN and COHALAN, JJ., concur.

Order of the Supreme Court, Queens County, dated March 30, 1981, affirmed, with $50 costs and disbursements. Defendant's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.