(December 6, 1983)

■ GLORIA FRANK, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. — Order entered April 13, 1983 in Supreme Court, New York County (Andrew R. Tyler, J.), denying plaintiff's motion for summary judgment and granting defendant's cross motion for leave to serve an amended answer, modified, on the law, to the extent of declaring for defendant and granting summary judgment to it, and the order is otherwise affirmed, with costs. Plaintiff was injured in a Connecticut automobile accident on June 23, 1977. Under her "no-fault" policy with defendant she received $27,886.52 for her medical costs and lost wages. Thereafter plaintiff sued the adverse parties to the accident by attachment of their insurance policy. A verdict was directed in her favor. Then, as the jury deliberated on the amount of damages to award, plaintiff settled with defendants for $25,000, against a total exposure of $50,000 on the defendant's policy. Liberty, which had previously asserted a lien on any recovery pursuant to subdivision 2 of section 673 of the Insurance Law, agreed to waive $20,000 of its lien and consented to plaintiff giving the defendants a general release. This action followed, with plaintiff seeking a declaratory judgment that the lien asserted by Liberty was never valid since the version of subdivision 2 of section 673 in effect at the time of the accident only authorized such liens where the accident occurred "in this state". Plaintiff further argued that, in light of her acceptance of first-party benefits from Liberty, she presented no evidence at the trial of medical bills or lost wages. Therefore, she maintains, the only item of damages the settlement could have compensated her for was her pain and suffering, having nothing to do with the payment she received from Liberty. No pleadings or trial transcript were provided for this assertion, however. Liberty opposed the summary judgment motion and cross-moved for leave to serve an amended answer conforming to the evidence, and in order to assert a common-law or equitable lien as a counterclaim. As noted, Special Term granted the cross motion and denied summary judgment, finding issues of fact for resolution. We agree that leave to amend the answer was properly given (CPLR 3025, subds [b], [c]). We further find no issue of fact left open which is critical to resolution of the legal issues. While clearly no statutory lien was available to Liberty because the accident occurred prior to the effective date of the 1977 amendment to subdivision 2 of section 673 of the Insurance Law (*Hansen v Zitti,* 106 Misc 2d 354), at least a *de facto* lien had been asserted, and all of the parties relied upon it. And just as clearly, Liberty possessed such an interest in its common-law right of subrogation (cf. *Safeco Ins. Co. v Jamaica Water Supply Co.,* 83 AD2d 427 [per Hopkins, J. P.], affd 57 NY2d 994), and the existence of a *de jure* lien would not have been a bar to that right. Thus, whether or not the parties had the right label for Liberty's interest, they all agreed to a resolution which was an

appropriate reflection of the actual rights involved. Liberty agreed to plaintiff's execution of a general release, thereby extinguishing its equitable subrogation rights against the out-of-State defendants. And Liberty gave other consideration — which plaintiff accepted — in the form of its waiver of $20,000 of its "lien." Plaintiff's argument that her proof at trial went only to her pain and suffering, and is thus unrelated to the primary payment from Liberty of $27,886.52, is unpersuasive. Since the defendants in the underlying action were nonresidents and their vehicle was registered out of State, the strong likelihood is that they were "noncovered" persons. Thus, the action had to have been brought under subdivision 2 of section 673, which allows recovery of economic loss. And even under post-1977 law, there is no statutory provision whatever for the assertion of a lien in the absence of an action which includes economic loss as an item of recovery. (See Insurance Law, § 673.) Surely plaintiff would have objected to the assertion of a lien if such were not the case; nor would she have included Liberty in the settlement negotiations, instead fashioning her release to the evidence and pleadings. Plaintiff's motion for summary judgment searches the record (*Jewish Kosher Provision Corp. v Gottfried,* 63 NYS2d 160), and notwithstanding the absence of a motion by defendant for this relief, it is an appropriate conservation of judicial resources to grant defendant its due. (CPLR 3212, subd [b]; *Jelinek v City of New York,* 25 AD2d 425; *Bolten v Wemett,* 3 AD2d 708.) We see no reason why this settlement should not be enforced. Concur — Murphy, P. J., Sullivan, Ross and Carro, JJ.

Kupferman, J., dissents in a memorandum as follows: I would reverse and grant summary judgment to the plaintiff, declaring invalid the defendant insurer's claim to a lien under principles of equitable subrogation. This appeal stems from an automobile accident that occurred in Connecticut in 1977. Plaintiff Gloria Frank was riding as a passenger in an automobile covered by a no-fault policy issued by the defendant Liberty Mutual to her husband, who was driving. She suffered personal injuries when a collision occurred with a car owned by Frank and Josephine Petrolle. The plaintiff collected a total of $27,886.52 in economic or "first party benefits" (Insurance Law, § 671, subd 2) under her husband's policy issued by the defendant, representing $2,457.52 in medical expenses, and $25,432 in lost earnings. Plaintiff then commenced an action in New York Supreme Court against the Petrolles, which plaintiff alleges was to recover for pain and suffering only. Counsel for Liberty Mutual appeared in that action because the Petrolles filed a cross claim against plaintiff's husband who was insured by Liberty Mutual. While the jury was deliberating, the Petrolles agreed to settle plaintiff's claim for $25,000 and Liberty Mutual agreed to waive 90% of its purported statutory lien against those proceeds. Plaintiff alleges that it acquiesced in that waiver because it considered defendant's statutory lien "void anyway." Plaintiff further alleges that the only evidence presented in the proceeding against the Petrolles related to plaintiff's pain and suffering. Initially, Liberty Mutual asserted a right to a statutory lien pursuant to subdivision 2 of section 673 of the Insurance Law, by serving a notice of lien on plaintiff's attorneys. However, because that section as it was written at the time of the accident, prior to amendment, applied only to accidents in the State of New York, Liberty Mutual now asserts that its lien arises from a common-law equitable right of subrogation. The purpose of the lien authorized by subdivision 2 of section 673 of the Insurance Law, as well as the doctrine of equitable subrogation, is to prevent an insured from recovering twice for the same item of damages. (See *Royal Globe Ins. Co. v Connolly,* 54 AD2d 1117; *Scinta v Kazmierczak,* 59 AD2d 313.) Inasmuch as plaintiff's recovery for pain and suffering relates to a distinct category of damages specifically excluded from coverage under no-

fault in the definition of "first party benefits" (Insurance Law, § 671, subd 2), there is no double recovery and hence no lien. (See *Matter of Adams* [*Government Employees Ins. Co.*], 52 AD2d 118, 120.) As to whether the action by the plaintiff against the Petrolles was for pain and suffering only, there has been no showing by the defendant that more was involved. " 'A shadowy semblance of an issue is not enough to defeat the motion'." (*Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341.) Accordingly, the order of the Supreme Court, New York County (A. Tyler, J.), entered on April 13, 1983, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for leave to serve an amended answer, should be reversed and summary judgment entered in favor of plaintiff, and the declaration made that defendant's lien is void.