■ AETNA LIFE AND CASUALTY COMPANY, Respondent, v KENNETH R. NELSON, Individually and as Guardian ad Litem of GLORIA A. NELSON and as Natural Guardian of SHERYL NELSON, Appellant.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff sued defendants to recoup the first-party no-fault benefits it had previously paid defendants, their insureds. Plaintiff moved and defendants cross-moved for summary judgment. Both sides agreed that there were no triable issues of fact. The only question presented was whether the action was timely commenced on November 7, 1983. Both plaintiff and defendants agreed at Special Term that the three-year period of limitation applied (CPLR 214 [2]), but disagreed as to when plaintiff's cause of action accrued. Plaintiff claimed that it accrued on April 28, 1981 when the Court of Claims action was finally settled; defendants argued that it accrued on September 23, 1980 when the Court of Claims judgment was entered. Special Term granted summary judgment to the plaintiff reasoning that a six-year period of limitation applied (CPLR 213 [1]) and held in the alternative that plaintiff's cause of action was timely commenced even if the three-year period of limitation applied because plaintiff's cause of action did not accrue until the Court of Claims judgment was settled.

We hold that the appropriate period of limitation is three years. Plaintiff's cause of action is for enforcement of its "lien against any recovery to the extent of benefits paid or payable by it to the covered person [defendants]" (Insurance Law § 5104 [b], formerly Insurance Law § 673 [2]). An action to recover "upon a liability * * * created or imposed by statute" must be commenced within three years (CPLR 214 [2]). The predecessor stat-

ute (Civ Prac Act § 48 [2] [prescribing a six-year limitation period]) referred only to a liability "created" by statute while the present law broadens the coverage to include a liability "imposed" by statute. Thus, even if the liability for which plaintiff seeks recovery existed at common law and was not "created" by the Insurance Law as Special Term held, the liability is "imposed" by the Insurance Law and an action upon that liability is subject to the three-year period of limitation (see, 35 NY Jur, Limitations and Laches, § 56, at 555; McKinney's Cons Laws of NY, Book 1, Statutes § 422; *Safeco Ins. Co. v Jamaica Water Supply Co.,* 83 AD2d 427, *affd* 57 NY2d 994; cf. *City of Buffalo v Maggio,* 27 AD2d 635, *affd* 21 NY2d 1017).

In applying the three-year statute we agree with Special Term that plaintiff's cause of action did not accrue until the Court of Claims action was finally settled. Plaintiff's cause of action to enforce its lien cannot accrue until the judgment in the underlying negligence action becomes final and irreversible. This does not occur when the judgment is entered because the judgment may be reversed on appeal or otherwise compromised subsequent to its entry. For example, when the State initially appealed from the instant judgment it obtained an automatic stay of all proceedings to enforce the judgment pending appeal (CPLR 5519 [a] [1]). Moreover, we note that in similar situations involving workers' compensation it has been held that an action by an insurance carrier to enforce "a lien on the proceeds of any recovery" does not accrue until the underlying action by the injured employee is settled (Workers' Compensation Law § 29 [1]; *Blankoff v Vitucci,* 68 AD2d 876; *Utica Mut. Ins. Co. v Employers Mut. Liab. Ins. Co.,* 57 Misc 2d 764).

Since the amounts of the judgments in the Court of Claims and the amounts paid by the plaintiff for which it seeks recoupment based on its statutory lien are uncontroverted, plaintiff is entitled to summary judgment on liability and damages and accordingly, the judgment appealed from is affirmed in all respects. (Appeal from judgment of Supreme Court, Seneca County, Kuhnen, J.—summary judgment.) Present—Callahan, J. P., Boomer, Green, O'Donnell and Pine, JJ.