OPINION OF THE COURT
Chief Judge Wachtler.
The defendants, injured in a one-car accident on a State highway, have been compensated twice for the same medical expenses and lost earnings; first by their own insurance company under the No-Fault Law (Insurance Law art 18 [now art 51]) and subsequently by the State in settlement of a suit brought in the Court of Claims. In the case now before us, the insurance company seeks to recoup the benefits it paid to the defendants by enforcing a statutory lien against that portion of the damages they received from the State which represents reimbursement for losses paid by the company (Insurance Law § 673 [2] [now § 5104 (b)]). The only defense raised is the Statute of Limitations. Both of the courts below rejected the *172 defense and grantéd summary judgment to the insurance company. The defendants have appealed by leave of this court.
Two questions are presented by the appeal. First, whether the insurer’s suit is governed by the three-year Statute of Limitations applicable to liabilities created or imposed by statute (CPLR 214 [2]), or by the six year "residual” Statute of Limitations (CPLR 213 [1]). Second, whether the insurer’s cause of action against the defendants accrued when the defendants’ judgment against the State was entered, or later, when the case was finally settled on appeal and the State actually paid the defendants.
On August 14, 1977 defendant, Kenneth Nelson, was injured when he lost control of his vehicle and collided with a utility pole after skidding on water which had accumulated on Route 89 near Ithaca. Two passengers in the car were also injured. His infant daughter received minor injuries, but his wife sustained permanent brain damage rendering her incompetent. Their insurer, Aetna Life and Casualty Company, paid them "first party benefits” under the No-Fault Law, for medical expenses and lost earnings (Insurance Law § 671 [2] [now § 5102 (b)]). The Nelsons subsequently filed a claim against the State for damages on the theory that the State had been negligent in maintaining the highway. After a trial, the Court of Claims returned a verdict for the defendants, finding the State primarily liable for the injuries (Nelson v State of New York, 105 Mise 2d 107). The Court of Claims decided the case on September 8, 1980 and on September 23, 1980, judgment was entered against the State.
The State immediately appealed on the ground the award was excessive, thus staying enforcement of the judgment (CPLR 5519 [a] [1]). The defendants cross-appealed. The parties then entered into a settlement reducing the judgment, and discontinued the appeals. An order approving the settlement was entered on April 28, 1981. The State paid the defendants on May 28, 1981. It is conceded that a portion of the damages paid by the State represents reimbursement for lost earnings and medical expenses, including amounts paid by Aetna as first-party benefits.
On November 7, 1983, Aetna commenced this action against the defendants to recover the amounts which the company had paid the defendants as first-party benefits. The company relied on Insurance Law § 673 (2) which gives an insurance company a lien against any recovery obtained by a "covered *173 person” (here the Nelsons) against a "non-covered person” (in this instance the State), "to the extent of benefits paid or payable by it to the covered person”. The only defense raised was the Statute of Limitations. The defendants contended that the plaintiffs suit on the lien was governed by the three-year statute applicable to liabilities created or imposed by statute (CPLR 214 [2]), and that it accrued on September 23, 1980, when their judgment against the State was entered. Because Aetna’s suit for recoupment was commenced more than three years after that date, the defendants moved to dismiss on the ground that the suit was time barred. Aetna moved for summary judgment.
The trial court denied the motion to dismiss. The court concluded that the insurance company’s suit was to prevent unjust enrichment, an action recognized in equity, that the statute creating a lien thus did not create a new cause of action, and that the defendants’ suit was governed by the six-year Statute of Limitations applicable to actions for which no other period is prescribed by law (CPLR 213 [1]). In the alternative, the court held that if the three-year statute is applicable, the company’s action was timely because it did not accrue until the defendants had actually received the "double payment” from the State and thus became obligated to reimburse their insurer. Finally, noting that no other issues were in dispute, the court granted the company’s motion for summary judgment.
The Appellate Division affirmed. The court held that the three-year statute applied because the defendants’ liability, if not "created” by statute, was now "imposed” by the statute creating the lien. With respect to accrual, the court agreed with the trial court that the insurer’s action for recoupment accrued when the defendants’ suit against the State was finally settled, and not when the judgment was entered, noting that enforcement of the judgment after entry was stayed as a result of the State’s appeal (112 AD2d 15).
We agree with the Appellate Division that the three-year statute is applicable, but not for the reasons stated by that court. CPLR 214 (2) prescribes a three-year Statute of Limitations for "an action to recover upon a liability, penalty or forfeiture created or imposed by statute”. It has been suggested that because the statute refers to liabilities "created or imposed” by statute, it applies not only to liabilities created by statute, but also to common-law liabilities codified or *174 adopted by statute (see, 35 NY Jur, Limitations and Laches, § 56, at 555). However, we have consistently held that the statute, like its predecessor, only governs liabilities which would not exist but for a statute (State of New York v Stewart’s Ice Cream Co., 64 NY2d 83; State of New York v Cortelle Corp., 38 NY2d 83; see also, Koerner v State of New York, 62 NY2d 442; Murphy v American Home Prods. Corp., 58 NY2d 293). It does not apply to liabilities existing at common law which have been recognized or implemented by statute (State of New York v Stewart’s Ice Cream Co., supra; State of New York v Cortelle Corp., supra). Thus, if the statutory lien merely codifies or implements an existing liability, the three-year statute would be inapplicable.
Insurance Law § 673 (2) offers an insurer two means for recouping first-party benefits paid to a covered person for injuries caused by a noncovered person.* Both of the procedures bear some relationship to common-law actions. First, the insurer has the right to proceed directly against the tortfeasor, a right akin to the common-law right of subrogation (Safeco Ins. Co. v Jamaica Water Supply Co., 83 AD2d 427, affd 57 NY2d 994). Second, the insurer may proceed against the injured party by asserting a lien against any recovery obtained by that party from the tort-feasor. This option also had a counterpart in the case law, which, even before the adoption of the statutory lien, permitted this type of recoupment under certain circumstances (see, e.g., 31 NY Jur, Insurance, §§ 1632, 1633; Rights and Remedies of Insurer Paying Loss as Against Insured Who Has Released or Settled With Third Person Responsible For Loss, Ann., 51 ALR2d 697; cf. *175 Frank v Liberty Mut. Ins. Co., 61 NY2d 994; but also see, Healy v Rennert, 9 NY2d 202; Coyne v Campbell, 11 NY2d 372).
We have previously held that Insurance Law § 673 (2) creates a new liability to the extent it permits an insurance company to exercise the first option mentioned above, by seeking recoupment directly from the tort-feasor (Safeco Ins. Co. v Jamaica Water Supply Co., supra). In that case, it was noted "that the 'no-fault’ concept embodied into statute (Insurance Law, art 18) modifies the common-law system of reparation for personal injuries under tort law (Montgomery v Daniels, 38 NY2d 41, 46), and that first-party benefits are a form of compensation unknown at common law, resting on predicates independent of the fault or negligence of the injured party. Hence, the provisions of subdivision 2 of section 673 in general engender a liability of a statutory origin” (Safeco Ins. Co. v Jamaica Water Supply Co., 83 AD2d 427, 431, supra). In short, the No-Fault Law does not codify common-law principles; it creates new and independent statutory rights and obligations in order to provide a more efficient means for adjusting financial responsibilities arising out of automobile accidents (Montgomery v Daniels, supra). Thus, both options made available to the insurer pursuant to Insurance Law § 673 (2) for recouping amounts paid as first-party benefits create new liabilities subject to the three-year Statute of Limitations (CPLR 214 [2]).
The only remaining question is when the Statute of Limitations commenced on the insurance company’s right to foreclose the lien. As indicated the defendants contend the date on which their judgment against the State was entered is controlling.
The Statute of Limitations begins to run once a cause of action accrues (CPLR 203 [a]), that is, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 201.02, at 2-9; City of New York v State of New York, 40 NY2d 659, 668). Thus the question is not when the lien first attached, or when the insurer could have established the lien (cf. Biette v Baxter, 57 NY2d 698) but when the insurance company first had the opportunity to enforce or foreclose the lien and actually recover from the defendants the amounts it had previously paid them as first-party benefits under the No-Fault Law.
*176 One of the primary purposes of the No-Fault Law is to guarantee immediate compensation for basic economic loss, including lost wages and medical expenses, to persons injured in automobile accidents (Montgomery v Daniels, 38 NY2d 41, supra). The purpose of the lien created by Insurance Law § 673 (2) is to prevent a double recovery of basic economic loss by the injured person (Safeco Ins. Co. v Jamaica Water Supply Co., 83 AD2d 427, 431, affd 57 NY2d 994, supra; Acevedo v Government Employees Ins. Co., 87 AD2d 600, lv denied 57 NY2d 605; Matter of Adams [Government Employees Ins. Co.], 52 AD2d 118). Thus, in cases where an injured person who has obtained reimbursement for lost wages and medical expenses from an insurer, is subsequently reimbursed by the tort-feasor for the same injuries, a lien attaches on behalf of the insurer to that portion of the recovery (Acevedo v Government Employees Ins. Co., supra; United States Fid. & Guar. Co. v Stuyvesant Ins. Co., 61 AD2d 1122).
Under this scheme the insurer’s right to foreclose the lien cannot be said to have accrued on the date the judgment was entered, but before it was actually satisfied. By its terms the lien can only be enforced against "any recovery” obtained by the insured (Insurance Law § 673 [2] [now § 5104 (b)]); the insured is not required to immediately return to the insurance company amounts paid as first-party benefits, in advance, or expectation, of obtaining satisfaction on a judgment entered against the third-party tort-feasor. It is only when the insured has actually obtained funds representing a "double recovery” for basic economic loss that the duty to reimburse the insurer, and the insurer’s right to sue for any breach of that duty, can be said to arise. We therefore agree with the determination reached by both of the courts below that Aetna’s cause of action to foreclose its lien did not accrue until the defendants finally settled their case against the State and actually received payment from the State in satisfaction of the modified judgment. Since, as noted, the insurer’s suit to foreclose the lien was commenced within three years of that date, it was timely and the defendants’ motion to dismiss was properly denied.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, with costs.

 Insurance Law § 673 (2) (now § 5104 [b]), states: "In any action by or on behalf of a covered person, against a non-covered person, where damages for personal injuries arising out of the use or operation of a motor vehicle or a motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person. No such action may be compromised by the covered person except with the written consent of the insurer, or with the approval of the court, or where the amount of such settlement exceeds fifty thousand dollars. The failure of such person to commence such action within two years after the accrual thereof shall operate to give the insurer a cause of action for the amount of first party benefits paid or payable against any person who may be liable to the covered person for his personal injuries, which cause of action shall be in addition to the cause of action of the covered person; provided however, that in any action subsequently commenced by the covered person for such injuries, the amount of his basic economic loss shall not be recoverable.”