■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant-Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent-Appellant.—In a

proceeding pursuant to CPLR article 75 to stay arbitration, (1) Nationwide Mutual Insurance Company appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated September 28, 1990, which denied its application for a stay of arbitration, and (2) the Motor Vehicle Accident Indemnification Corporation cross-appeals from an order of the same court, dated February 7, 1991, which granted Nationwide Mutual Insurance Company's motion for reargument, and, upon reargument, modified the prior order dated September 28, 1990, to the "extent that it deems the three year statute of limitations to be applicable under the terms of CPLR sec. 214 (2)". The appeal by Nationwide Mutual Insurance Company brings up for review so much of the order dated February 7, 1991, in which the court, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated September 28, 1990, is dismissed, as that order was superseded by the order dated February 7, 1991, made upon reargument; and it is further,

Ordered that the order dated February 7, 1991, is reversed, on the law, the order dated September 28, 1990, is vacated, and Nationwide Mutual Insurance Company's petition to stay the arbitration pursuant to CPLR 7503 (b) is granted; and it is further,

Ordered that Nationwide Mutual Insurance Company is awarded one bill of costs.

On June 14, 1985, Wilfredo Gonzalez, a pedestrian, was struck by a vehicle owned by Edith Berrios and operated by Raul Berrios. A New York State Department of Motor Vehicles report listed Nationwide Mutual Insurance Company (hereinafter Nationwide) as the insurer of the Berrios' vehicle at the time of the accident. In February 1986 the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) paid to the Estate of Wilfredo Gonzalez the sum of $2,758.49 representing no-fault benefits. Thereafter, in settlement of a bodily injury claim and wrongful death claim asserted by the Estate, MVAIC paid to the Estate the sum of $45,000. MVAIC apparently then requested reimbursement of these payments from Nationwide, but Nationwide disclaimed liability on the basis that no record of coverage could be located for the named insured. On or about June 26, 1990, MVAIC sought to arbitrate the two claims. Nationwide petitioned the court for a stay of arbitration pursuant to CPLR 7503 (b). Nationwide argued that the applicable three-year Statute of Limitations barred arbitration, since the accident

occurred more than three years before MVAIC requested arbitration. In opposition, MVAIC argued that if the three-year Statute of Limitations was applicable, it would run from the date of payment.

By order dated September 28, 1990, the Supreme Court denied Nationwide's petition to stay the arbitration. The court held that the six-year Statute of Limitations applied, since MVAIC's claim sounded in quasi contract. The court also held that the Statute of Limitations is measured from the date of payment, not the date of the accident. Nationwide appealed from this order and moved to reargue the application to stay the arbitration. By order dated February 7, 1991, the court granted reargument and amended its prior order to "the extent that it deems the 3 year statute of limitations to be applicable under the terms of CPLR sec. 214 (2)". MVAIC appealed from this order dated February 7, 1991, to the extent that it modified the prior order.

On appeal, we conclude that the three-year Statute of Limitations is applicable because MVAIC's claims fall under the principle of subrogation (see, Seven Sixty Travel v American Motorists Ins. Co., 98 Misc 2d 509, 512; Country Wide Ins. Co. v Osathanugrah, 94 AD2d 513, affd 62 NY2d 815). Further, the Statute of Limitations should be measured from the date of the accident since MVAIC's claims sounding in subrogation are derivative in nature and are therefore subject to the same Statute of Limitations as though the cause of action were sued upon by the Estate of Wilfredo Gonzalez (see, 16 Couch, Insurance 2d, § 61:234, at 292; Seven Sixty Travel v American Motorists Ins. Co., supra, at 513). Accordingly, since both claims were made by MVAIC more than three years after the date of the accident, Nationwide's petition for a stay of arbitration should have been granted. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.