*927 OPINION OF THE COURT
Stanley Parness, J.
Motion by Motor Vehicle Accident Indemnification Corporation (MVAIC) to confirm the awards issued by the arbitrator in a mandatory arbitration proceeding brought between petitioner, MVAIC, and respondent, Aetna Casualty & Surety Company (Aetna), pursuant to Insurance Law § 5105 and 11 NYCRR 65.10 to obtain reimbursement of no-fault benefits paid by MVAIC to the two injured claimants. The awards rendered directed Aetna, as the first-party insurer under its policy with Barenboim, the owner of the host vehicle in which the injured claimants were passengers, to reimburse petitioner for the "no-fault” benefits it paid claimants after Aetna declined to do so. Aetna had claimed its policy with Barenboim was cancelled prior to the date of the accident. The accident underlying the claim occurred on February 10, 1989 when the Barenboim vehicle was in collision with another vehicle.
The claimants served their notice of intention to make claim for no-fault benefits upon MVAIC on March 17, 1989 and April 20, 1989, respectively, and MVAIC made such payments to claimant, Landtwing, of $22,817.53 from August 11, 1989 through November 11, 1991 and to claimant, Smythe, of $17,798.64 from August 11, 1989 through November 19, 1990. MV AIC’s demand for arbitration against Aetna was served on October 22, 1992, 3 years, 8 months and 10 days after the day of the accident but less than three years from the date it completed making such payments to claimants.
Aetna’s resistance to reimbursement of MVAIC is based on the defense that MV AIC’s demand for arbitration was untimely, being made more than three years after the accident. The arbitrator’s awards necessarily rejected that defense.
The issue presented herein is which period of limitations governs the claim and from what date it commenced to run.
The issue was considered in Matter of Nationwide Mut. Ins. Co. v MVAIC (190 AD2d 798 [2d Dept], lv denied 82 NY2d 651), wherein MVAIC demanded arbitration against Nationwide for reimbursement of no-fault benefits paid by it to the estate of the deceased claimant as well as reimbursement of moneys paid for his bodily injury and wrongful death.
The Second Department held therein that the three-year Statute of Limitations applicable to the tort claim of the injured party was applicable "because MVAIC’s claims [fell] under the principle of subrogation and [is] measured from the *928 date of the accident” (Matter of Nationwide Mut. Ins. Co. v MVAIC, supra, at 800).
Petitioner argues that its position is not that of a subrogee, that its rights are governed by statute and the controlling Statute of Limitations of its claim for reimbursement is measured by the three-year statute of CPLR 214 (2) or by the six-year statute relative to actions for indemnification, CPLR 213 (2).
Respondent, relying upon the holding in Nationwide (supra), argues that the timeliness of the demand for arbitration is measured from the date of accident and that MVAIC’s rights are in subrogation, derivative in nature of those of the injured party.
The holding in Nationwide (supra) appears inconsistent, however, with the holding of an earlier Second Department case, Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co. (150 AD2d 455 [1989]), which held that the right of a carrier to enforce its lien to recover no-fault payments from the primary carrier is to be measured by CPLR 214 (2) and that its right to seek such recovery accrued in that case when the preliminary issue in dispute — priority of payment between the two carriers — was settled, an event unrelated to the date of the accident.
The two cited Second Department cases appear to be in conflict with no distinguishing principles expressed therein.
Authority in support of the holding in Pacific Ins. Co. (supra) as to the time of accrual is found in Aetna Life & Cas. Co. v Nelson (67 NY2d 169), in which the Court of Appeals reaffirmed the principle that the claim of the paying carrier to recoup from the primary carrier accrued "when the insurance company first had the opportunity to enforce or foreclose the lien and actually recover from the defendants the amounts it had previously paid them as first-party benefits, under the No-Fault Law” (at 175).
MVAIC in the present case should be in no different a position than any other paying carrier seeking recoupment from a primarily obligated carrier. Until it had made payment, it, like a private carrier, would have no standing and no claim to assert against the primary carrier in arbitration.
The No-Fault Law under which petitioner seeks reimbursement " 'does not codify common-law principles; it creates new and independent statutory rights and obligations’ (Aetna Life & Cas. Co. v Nelson * * *)” (Matter of Pacific Ins. Co. v State *929 Farm Mut. Auto. Ins. Co., supra, at 457), but arises from the no-fault legislation which modified the common-law system of reparations for personal injury recovery under the tort law (Montgomery v Daniels, 38 NY2d 41, 46). First-party benefits are a form of compensation unknown at common law. The duty to pay same, and, hence, to recover same, rests on predicates independent of the fault or negligence of the injured party (Aetna Life & Cas. Co. v Nelson, supra), which could not occur until MVAIC paid no-fault benefits. Its obligation to do so and its right to seek reimbursement were rights "created or imposed by statute” (Insurance Law art 52) thereby making CPLR 214 (2) the applicable period of limitations. Its claim therefore accrued when it made such payments (Aetna Life & Cas. Co. v Nelson, supra).
Petitioner’s demand for arbitration on October 22, 1992, served within three years from the date it completed payments as to each claimant was, therefore, timely brought pursuant to CPLR 214 (2) as an obligation under statute to obtain reimbursement as a direct right. In view thereof it is not necessary to determine whether CPLR 213 (2) and its six-year Statute of Limitations for recovery might also be applicable to the determination of this proceeding.
Petitioner’s motion to confirm the arbitration awards is granted.