A.M.P. v Benjamin (2021 NY Slip Op 06589)





A.M.P. v Benjamin


2021 NY Slip Op 06589


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

532497

[*1]A.M.P., Respondent,
v
Ronald R. Benjamin et al., Appellants.

Calendar Date:October 19, 2021

Before: Garry, P.J., Lynch, Clark and Colangelo, JJ.


Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellants.
Costello, Cooney & Fearon, PPLC, Syracuse (Daniel R. Rose of counsel), for respondent.


Clark, J.
Appeal from an order of the Supreme Court (Rich Jr., J.), entered October 23, 2020 in Broome County, which, among other things, partially denied defendants' motion to, among other things, dismiss certain causes of action in the amended complaint.
In 2016, plaintiff hired defendant Ronald R. Benjamin, an attorney, to represent her in connection with matrimonial and custody matters, signing a retainer agreement with defendant The Law Office of Ronald R. Benjamin (hereinafter referred to as the Law Office). In November 2019, sometime after defendants ceased representing her, plaintiff commenced this action, asserting various causes of action arising out of defendants' alleged legal malpractice and Benjamin's alleged sexual misconduct. Prior to answering, defendants moved to dismiss certain claims on the ground that they failed to state a cause of action, were barred by the statute of limitations and/or were contradicted by documentary evidence. Defendants also moved for an order amending the caption to state plaintiff's "true name" or, alternatively, permitting them to proceed anonymously, as well as an order removing the Law Office as a party to the action. In an order and amended order entered in May 2020, Supreme Court struck certain causes of action as duplicative or barred by the statute of limitations, but granted plaintiff leave to amend some of those claims within 30 days and otherwise denied defendants' motion. Defendants filed a notice of appeal from the May 2020 order and amended order, but did not ultimately perfect their appeal.
Plaintiff thereafter filed an amended complaint in which she asserted causes of action for, among other things, sexual assault, battery and harassment (first cause of action), violations of Civil Rights Law § 79-n (second through fifth causes of action), legal malpractice (sixth and seventh causes of action), breach of fiduciary duties (eighth cause of action), negligence (ninth cause of action), negligent infliction of emotional distress (tenth cause of action), gross negligence (eleventh cause of action), a violation of Judiciary Law § 487 (thirteenth cause of action), punitive damages (fourteenth cause of action) and vicarious liability (fifteenth cause of action). Defendants moved to dismiss the second, third, fourth, fifth, eighth, ninth, tenth, eleventh, fourteenth and fifteenth causes of action in full, and the seventh and thirteenth causes of action in part, arguing that they failed to state a cause of action, were time-barred and/or were refuted by documentary evidence. In addition, defendants once again sought to amend the caption to state plaintiff's "true name" or, alternatively, to allow defendants to proceed anonymously, as well as an order removing the Law Office as a party. Plaintiff opposed the motion and cross-moved for an order sealing certain exhibits that defendants had annexed to their motion and sanctioning defendants for bringing a frivolous motion. In an order entered in October [*2]2020, Supreme Court granted defendants' motion to the extent of dismissing plaintiff's second, fifth, ninth, eleventh and fourteenth causes of action and striking certain paragraphs of plaintiff's seventh cause of action, but otherwise denied the motion.[FN1] Additionally, Supreme Court granted plaintiff's cross motion to the extent of sealing those motion exhibits that identified plaintiff, but otherwise denied the cross motion. Defendants appeal.
We first address defendants' contention that plaintiff's third and fourth causes of action, which allege violations of Civil Rights Law § 79-n, should have been dismissed pursuant to CPLR 3211 (a) (7) for failure to state a claim. "When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must 'give the complaint a liberal construction, accept the allegations as true and provide [the] plaintiff[] with the benefit of every favorable inference'" (Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582 [2017], quoting Roni LLC v Arfa, 18 NY3d 846, 848 [2011]). "Such favorable treatment, however, 'is not limitless'" (Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1219 [2017], affd 31 NY3d 1090 [2018], quoting Tenney v Hodgson Russ, LLP, 97 AD3d 1089, 1090 [2012]), and dismissal of the complaint will be warranted where "the plaintiff fails to assert facts in support of an element of the claim" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]).
As relevant here, Civil Rights Law § 79-n (2), entitled "[b]ias-related violence or intimidation; civil remedy," provides that "[a]ny person who intentionally selects a person
. . . for harm or . . . causes physical injury . . . to another . . . in whole or in substantial part because of a belief or perception regarding the . . . gender . . . of a person, regardless of whether the belief or perception is correct, shall be liable, in a civil action or proceeding maintained by such individual or group of individuals, for injunctive relief, damages, or any other appropriate relief in law or equity." Under the statute, "[t]he term 'gender' means a person's actual or perceived sex and shall include a person's gender identity or expression" (Civil Rights Law § 79-n [1] [d]). Although state courts have had little opportunity to interpret Civil Rights Law § 79-n, the legislative history suggests that, to recover under the statute, the plaintiff must demonstrate "actual or imminent physical harm" resulting from bias-related violence or intimidation (Governor's Approval Mem, Bill Jacket, L 2010, ch 227, at 3).
In her third cause of action, labeled "Gender-Biased Verbal Assault, Battery and Harassment, Civil Rights Law §
79-n," plaintiff alleges that Benjamin repeatedly subjected her to "cruel, unprovoked and unjustified verbal abuse, assault, battery and harassment," that such conduct was "motivated, at least in part, by" Benjamin's [*3]bias toward women, that Benjamin "regularly and consistently conducts himself in the same or similar manner toward" women and that plaintiff has suffered, among other things, physical harm as a result of Benjamin's bias-related conduct. Although plaintiff does not specifically detail Benjamin's bias-related conduct within the third cause of action, the facts alleged earlier in the complaint, which are incorporated by reference under the third cause of action, are replete with allegations that Benjamin forcibly subjected plaintiff to nonconsensual sexual contact, including one occasion when Benjamin forced plaintiff to perform oral sex on him and at least two occasions when he forcibly touched plaintiff's genitals. In our view, the allegations of forcible, nonconsensual contact, together with plaintiff's allegation that such conduct was motivated by Benjamin's gender bias, could, if proven, demonstrate the bias-related violence or intimidation required to recover under Civil Rights Law § 79-n (see generally Breest v Haggis, 180 AD3d 83, 94 [2019]). Thus, according the complaint a liberal construction, accepting plaintiff's allegations as true and providing her the benefit of every favorable inference, we find that plaintiff has stated a claim under her third cause of action (see Civil Rights Law § 79-n [2]).
We, however, reach an opposite conclusion with respect to plaintiff's fourth cause of action, labeled "Sexual Harassment, Civil Rights Law § 79-n." Read liberally, that cause of action fails to allege that, through his harassing conduct, Benjamin intentionally injured her based upon a perception or belief about her gender (see Civil Rights Law § 79-n [2]). Accordingly, Supreme Court should have dismissed plaintiff's fourth cause of action.
Next, we reject defendants' contention that plaintiff's third cause of action ("Gender-Biased Verbal Assault, Battery and Harassment, Civil Rights Law § 79-n") is subject to the one-year statute of limitations in CPLR 215 (3), applicable to the intentional torts of assault and battery, and that the claim is therefore untimely. As set forth in CPLR 214 (2), a three-year statute of limitations period applies to "an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in [CPLR] 213 and 215." The limitations period in CPLR 214 (2) applies to "claims which, although akin to common-law causes, would not exist but for the statute" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 220-221 [1996]; see Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 173-174 [1986]). However, where a statute merely codifies or implements a liability existing at common law, CPLR 214 (2) does not apply and instead the statute of limitations period for the common-law claim applies (see Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201, 208 [2001]; Aetna Life & Cas. Co. v Nelson, 67 NY2d at 174).
Here, although plaintiff's third cause of action is [*4]akin to common-law assault and battery claims, plaintiff's claim of bias-related violence or intimidation would not exist but for Civil Rights Law § 79-n (2). To recover under common-law assault and battery causes of action, plaintiff would simply need to prove that defendants intentionally placed her "in apprehension of imminent harmful or offensive contact" and "intentionally engage[d] in offensive bodily contact without [her] consent" (Guntlow v Barbera, 76 AD3d 760, 766 [2010], appeal dismissed 15 NY3d 906 [2010]; see Cicci v Chemung County, 122 AD3d 1181, 1183 [2014], lv dismissed and denied 25 NY3d 1062 [2015]). In contrast, to recover for Benjamin's alleged forcible, nonconsensual sexual contact under Civil Rights Law § 79-n (2), plaintiff has to demonstrate that Benjamin intentionally selected her for harm or intentionally caused her physical injury in whole or in substantial part because of a belief or perception regarding her gender and that there was "actual or imminent physical harm" as a result of the gender bias-related violence or intimidation (Governor's Approval Mem, Bill Jacket, L 2010, ch 227 at 3). Given the substantive differences between claims asserted under Civil Rights Law §
79-n and common-law assault and battery claims, we are convinced that Civil Rights Law § 79-n (2) creates liability that would not exist but for the statute and that therefore the three-year statute of limitations period in CPLR 214 (2) applies to plaintiff's third cause of action (see Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d at 209-210; Aetna Life & Cas. Co. v Nelson, 67 NY2d at 174). Accordingly, plaintiff's third cause of action was timely interposed.
Defendants additionally assert that Supreme Court should have dismissed plaintiff's tenth cause of action for negligent infliction of emotional distress. We agree. "A cause of action for negligent infliction of emotional distress generally requires [the] plaintiff 'to show a breach of duty owed to [him or] her which unreasonably endangered [his or] her physical safety, or caused [him or] her to fear for [his or] her own safety'" (Schultes v Kane, 50 AD3d 1277, 1278 [2008], quoting Graber v Bachman, 27 AD3d 986, 987 [2006]). Here, plaintiff does not include any particularized allegations of negligence in either her tenth cause of action or the remainder of the complaint. Although plaintiff asserts in her appellate brief that she pleaded the tenth cause of action to account for the possibility that defendants might claim that the sexual contact was consensual, a liberal reading of the complaint does not support as much. In short, the allegations made in support of plaintiff's tenth cause of action are conclusory and are simply insufficient to withstand a motion to dismiss (see generally James v Flynn, 132 AD3d 1214, 1216 [2015]). Accordingly, plaintiff's tenth cause of action should have been dismissed.
As for plaintiff's thirteenth cause of action, we agree with Supreme Court that [*5]plaintiff has sufficiently pleaded a violation of Judiciary Law § 487. As relevant here, "Judiciary Law § 487 permits recovery of treble damages in a civil action against an attorney who intentionally deceives the court or a party during the pendency of a judicial proceeding" (Lavelle-Tomko v Aswad & Ingraham, 191 AD3d 1142, 1147 [2021]) or who "[w]illfully delays his [or her] client's suit with a view to his [or her] own gain" (Judiciary Law § 487 [2]). In her thirteenth cause of action, plaintiff alleged, among other things, that defendants deceitfully stated that they would represent her in the matrimonial action "without a fee to her," but that they later retained her settlement award as a fee. Plaintiff further alleged that Benjamin delayed and prolonged her custody proceeding for his own personal gain and sexual gratification. According the complaint a liberal construction, accepting the allegations contained therein as true and providing plaintiff with the benefit of every favorable inference, we find that plaintiff sufficiently alleged a violation of Judiciary Law § 487 (compare Lavelle-Tomko v Aswad & Ingraham, 191 AD3d at 1147-1148; Krouner v Koplovitz, 175 AD2d 531, 533 [1991]). Accordingly, Supreme Court properly declined to dismiss plaintiff's thirteenth cause of action.
Defendants' remaining contentions require little comment. Defendants argue that Supreme Court should have dismissed plaintiff's eighth cause of action (breach of fiduciary duty) for failure to state of a cause of action. This argument, however, was raised and rejected by Supreme Court in the May 2020 order and amended order, which are not brought up for review by defendants' appeal from the October 2020 order (see CPLR 5501 [a] [1]). Supreme Court treated defendants' arguments relating to the eighth cause of action as a motion to renew and denied such application (see CPLR 2221 [e] [2]), and defendants do not challenge such treatment or denial. Accordingly, this issue is not properly before us. For the same reasons, we cannot review defendants' arguments that Supreme Court erred in allowing plaintiff to proceed anonymously and in denying their request to remove the Law Office as a party. Defendants' remaining contentions are either unpreserved or lacking in merit.
Garry, P.J., Lynch and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the fourth and tenth causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.



Footnotes

Footnote 1: With respect to plaintiff's fifteenth cause of action, which alleged that the Law Office was vicariously liable for Benjamin's conduct, Supreme Court denied defendants' motion to dismiss that cause of action, but granted defendants leave to renew their application following the completion of discovery.