■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v REGIONAL TRANSIT SERVICE, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: Respondent, Regional Transit Service, Inc. (RTS), appeals from an order of Special Term, Monroe County, which granted the application of petitioner, State Farm Mutual Automobile Insurance Company (State Farm), to stay arbitration permanently of RTS' claim for reimbursement from State Farm of first-party benefits paid by RTS in connection with a vehicular accident between State Farm's insured and RTS' insured (Insurance Law, § 674). On January 6, 1975 RTS' insured, Minerva Harris, while in the course of her employment as an RTS bus driver, was injured in an accident with William Flood, State Farm's insured, and she claimed no-fault benefits which were paid by RTS, the self-insurer of the risk, and its workmen's compensation carrier. The latter filed a lien against the proceeds of any settlement in Harris' pending third-party action *(Matter of Granger v Urda,* 44 NY2d 91). Harris' subsequent settlement with State Farm was reduced by the amount of the workmen's compensation lien. RTS later reimbursed her following the holding of the Court of Appeals in *Grello v Daszykowski* (44 NY2d 894) that an employee who receives both workmen's compensation and no-fault benefits for injuries from an accident while in his employer's vehicle may recover from the no-fault carrier any workmen's compensation benefits

which were executed against by the workmen's compensation carrier. After this payment to Harris on December 15, 1978, RTS sought reimbursement from State Farm which had previously reimbursed RTS for other first-party benefits paid to Harris. The controversy was submitted to mandatory arbitration where State Farm interposed the defense of the Statute of Limitations and later instituted this proceeding. At Special Term RTS argued that the six-year Statute of Limitations for an action on a contractual obligation applied (CPLR 213, subd 2). Special Term correctly ruled that the three-year negligence period of limitation (CPLR 214, subd 5) applies to a first-party insurer's claim for reimbursement from the insurer of the other party involved in the accident pursuant to section 674 of the Insurance Law *(Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.,* 77 AD2d 5). Section 674 of the Insurance Law vests the insurer liable for first-party benefits only with the rights of its insured which are in the nature of subrogation and not indemnification *(Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co., supra;* Comment, New York Adopts No-Fault, 37 Alb L Rev 662, 696-697). A first-party insurer's rights are based on and derived from its insured's rights and no more: RTS had the same right to recover from State Farm the first-party benefits RTS paid "if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law." (Insurance Law, § 674; *Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co., supra;* see, also, 11 NYCRR 65.10 [a]). The right to recover is subject to the same defenses that an at-fault party could have asserted including the Statute of Limitations *(Seven Sixty Travel v American Motorists Ins. Co.,* 98 Misc 2d 509, affd 73 AD2d 761; see, also, *Williams v Globe Ind. Co.,* 507 F2d 837, 839, cert den 421 US 948). RTS' contention, for the first time on this appeal, that the three-year Statute of Limitations for an action "to recover upon a liability * * * imposed by statute" under CPLR 214 (subd 2) does not apply to a proceeding brought under section 674 of the Insurance Law, is also without merit. Under CPLR 214 (subd 2) the test for a liability created by statute is whether the liability is one which did not exist at common law, or would not exist but for a statute *(City of Buffalo v Maggio,* 27 AD2d 635, affd 21 NY2d 1017). Where a statute merely provides a new remedy, CPLR 214 (subd 2) does not apply *(State of New York v Cortelle Corp.,* 38 NY2d 83). Here, article 18 of the Insurance Law did not create a new cause of action but has simply altered the economic remedy available *(Montgomery v Daniels,* 38 NY2d 41; see *City of Buffalo v Maggio, supra;* Hart, The Constitutionality of the New York State Comprehensive Automobile Insurance Reparations Act, 43 Fordham L Rev 379). The underlying tort remains the same. No-fault merely gives a new remedy to enforce the liability based on a breach of the third-party tort-feasor's duty toward RTS' insured. RTS was not, however, entirely without recourse. Under regulations implementing the mandatory arbitration of disputed intercompany claims under section 674 of the Insurance Law (11 NYCRR 65.10) it was possible, within the statutory period, for RTS to arbitrate the issue of fault only (11 NYCRR 65.10 [d] [2] [iv]). That determination would have been binding upon State Farm as to any liability generating from the same accident (11 NYCRR 65.10 [d] [4] [ii]). It is noted that this situation may not occur in the future (L 1978, ch 572, § 1, eff July 1, 1978). The accrual date of a cause of action for personal injury is the

date of the accident *(Yawn v Regional Tr. Serv.,* 61 AD2d 1126). Here the accident occurred on January 6, 1975 and RTS interposed its claim for reimbursement on May 24, 1979, well beyond the three-year tort statute and, therefore, the claim is time barred. We have examined respondent's other assertions on this appeal and find them .meritless. (Appeal from order of Monroe Supreme Court—arbitration.) Present— Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.