COUNTRY WIDE INSURANCE COMPANY, Plaintiff-Respondent, v VORAZIT OSATHANUGRAH, Defendant, and SUNTHORN SRIHONGSE, Appellant.

First Department, July 14, 1983

APPEARANCES OF COUNSEL

*John W. Konduls* of counsel (*Dolores Gerber* with him on the brief; *Tarangelo, Totura & Hargous,* attorneys), for appellant.

*Eric M. Alderman* of counsel (*Bernard Samuels* with him on the brief; *Held, Cheven, Sternberg & Held* and *Alderman, Samuels, Jerry & Rossi,* attorneys), for plaintiff-respondent.

OPINION OF THE COURT

FEIN, J.

Plaintiff's insured was injured in a two-car collision when the automobile he was operating was struck by an automobile owned and operated by defendants. Plaintiff paid first-party benefits to its insured under the personal injury protection provisions of its policy, and then commenced this action for the amount of said payment made under the policy.

Special Term denied summary dismissal of this action, ruling that plaintiff should have a common-law right of recovery on the theory of negligence because its insured had failed to commence an action against the owner and operator of the offending vehicle. The court held that an insurance company may sue to recover payments made under no-fault to its own insured, citing *Nationwide Mut. Ins. Co. v Country-Wide Ins. Co.* (77 AD2d 304). But that case merely recognized an insurer's statutory lien on actual or anticipated recovery by a no-fault covered person against a noncovered person. (Insurance Law, § 673, subd 2; see *Acevedo v G.E.I.C.O.*, 87 AD2d 600.) Defendant's insured in *Nationwide* was the owner of the motorcycle involved in the collision, and at the time of that case there was no requirement for insurers to provide no-fault coverage to motorcycle operators. Thus that case is inapplicable here, where there is no assertion that defendants were noncovered persons under no-fault.

Plaintiff seeks recovery under the common-law theory of indemnification, which it terms "implied indemnity". No such right, however described, survives enactment of the no-fault legislation. Plainly, such litigation is contrary to the very purpose of the Comprehensive Automobile Insurance Reparations Act (the No-Fault Law, L 1973, ch 13), which was designed to eliminate the plethora of automobile accident negligence lawsuits involving basic economic loss (see Governor's Memorandum on approval of the bill, McKinney's Session Laws of NY, 1973, p 2335), and instead encourage arbitration of such nonserious claims. Subdivision 1 of section 673 of the Insurance Law thus abrogates the right of a no-fault covered person to recover basic economic loss or other than serious noneconomic loss in litigation against a covered person.

Moreover, this action is plainly one in the nature of subrogation rather than indemnification (see *State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.*, 79 AD2d 858, 859). But except in situations where the statute has created a cause of action (such as against a noncovered person under § 673, subd 2, or in a case of serious noneconomic loss under subd 1, or where the no-fault insurer seeks recovery against the tort-feasor's insurer under § 674), no-fault leg-

islation reflects a public policy designed to make the insurer of first-party benefits absorb the economic impact of loss without resort to reimbursement from its insured or, by subrogation, from the tort-feasor (see *Government Employees Ins. Co. v Halfpenny,* 103 Misc 2d 128, 133, affd 82 AD2d 1023, lv to app den 55 NY2d 603). The statute does not create a right of subrogation. It creates certain new remedies, not here applicable (*Safeco Ins. Co. of Amer. v Jamaica Water Supply Co.,* 83 AD2d 427, 432).

Under the principle of subrogation, the insurer would stand in the shoes of its insured. "A first-party insurer's rights are based on and derived from its insured's rights and no more" (*State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d, at p 859). Since plaintiff's insured was barred by the no-fault statute from any further recovery, plaintiff is similarly precluded.

Order of Supreme Court, New York County (RICHARD LEE PRICE, J.), entered January 22, 1982, denying defendant's motion for summary judgment, unanimously reversed, on the law, the moving defendant's motion granted, and the complaint dismissed, with costs.

CARRO, J. P., ASCH, BLOOM and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on January 22, 1982, unanimously reversed, on the law, the defendant-appellant's motion granted, and the complaint dismissed. Appellant shall recover of respondent $75 costs and disbursements of this appeal.