■ PATRICIA JACKSON, Appellant, v L. P. TRANSPORTATION, INC., Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Kahn, J.), entered September 30, 1986 in Albany County, which granted defendant's motion to dismiss the complaint for failure to comply with the Statute of Limitations.

Plaintiff sent a summons with notice dated March 11, 1986 to the Sheriff of Orange County, where defendant's principal office was located *(see,* CPLR 203 [b] [5]). It was apparently received by the Sheriff on March 12, 1986 and served on defendant on March 17, 1986. Plaintiff alleged in her complaint and amended complaint that, as a result of an accident on March 10, 1983, she suffered a serious injury pursuant to Insurance Law § 5102 (d) because she allegedly sustained injuries which "prevented her from performing her usual and

customary daily activities as a * * * teacher for a period in excess of ninety (90) days".

Defendant thereafter moved to dismiss the complaint contending that the action had been commenced after the three-year Statute of Limitations had expired (see, CPLR 214 [5]). In opposition, plaintiff asserted that her cause of action did not accrue on the date of the accident, but only accrued 90 days later when she had fulfilled the applicable condition precedent of showing a serious injury to bring suit under the No-Fault Law (see, Insurance Law § 5104 [a]), which in this case was the 90 days' loss of usual or customary daily activities (see, Insurance Law § 5102 [d]). Supreme Court ruled that plaintiff's claim accrued on the date of the accident and ordered her action dismissed as time barred. This appeal ensued.

There should be an affirmance. Supreme Court properly found that plaintiff's cause of action accrued on the date of the accident.

The common-law rule in personal injury actions is that the cause of action accrues on the date of the accident (Smalley v Hutcheon, 296 NY 68, 72; State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv., 79 AD2d 858, 859-860). However, under the No-Fault Law, a plaintiff must show that he/she has sustained a serious injury before bringing a suit for noneconomic loss (see, Insurance Law § 5104 [a]). Plaintiff's argument, that this modification of the common law also impliedly changed the accrual date of a personal injury action under the common law by postponing the accrual date until a plaintiff can make a prima facie showing of serious injury, is not persuasive. Plaintiff's reliance on the Pennsylvania Superior Court's decision in Bond v Gallen (292 Pa Super 207, 437 A2d 7, affd 503 Pa 286, 469 A2d 556), which held that the accrual date of a no-fault cause of action is delayed until a plaintiff accumulates medical expenses in excess of a statutory threshold amount and not the date of injury is misplaced. New York case law holds to the contrary.

The Supreme Court of Pennsylvania analogized the Bond holding to a "discovery rule" and concluded that because such a law was a long-standing exception in Pennsylvania to the tort Statute of Limitations when the injury sustained was not physically ascertainable at the time it was inflicted, the application of a "discovery rule" to no-fault cases was consistent with its prior rulings (Bond v Gallen, 503 Pa 286, 288, supra). The New York Court of Appeals, however, has consistently asserted that in the absence of legislative enactment, it will apply a discovery rule with regard to the accrual of a personal

injury cause only when a foreign object is left in the body *(see, National Life Ins. Co. v Hall & Co.,* 67 NY2d 1021; *Goldsmith v Howmedica, Inc.,* 67 NY2d 120; *Martin v Edwards Labs.,* 60 NY2d 417). Further, in construing a provision of New York's former No-Fault Law (Insurance Law former § 671) where the facts were similar to those in *Bond,* the Fourth Department held that the cause of action accrued on the date of injury and not on the date on which the threshold amount was exceeded *(see, Yawn v Regional Tr. Serv.,* 61 AD2d 1126, 1128; *see also, Micha v Merchants Mut. Ins. Co.,* 94 AD2d 835, 836).

In ascertaining when a cause of action accrues, the court should balance a defendant's "interest in defending a claim before his ability to do so has deteriorated through passage of time * * * and * * * the injured person's interest in not being deprived of his claim before he has had a reasonable chance to assert it" *(Martin v Edwards Labs., supra,* at 425). In the case at bar, the 90 days' loss of usual and customary daily activities must have occurred within 180 days immediately following the occurrence of the injury or impairment *(see,* Insurance Law § 5102 [d]). Defendant therefore would not be threatened with defending a stale claim and plaintiff, since she had, at worst 2½ years to bring her action from the date she met the threshold requirement, was not deprived of her claim before she had a reasonable opportunity to assert it.

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.