OPINION OF THE COURT
Jerome C. Gorski, J.
Plaintiff Travelers Insurance Company is seeking a permanent stay of defendant State Farm Insurance Company’s demand for loss-transfer arbitration pursuant to Insurance Law § 5105, regarding a claim made by an individual insured of defendant State Farm following an automobile accident on August 21,1986.
*1076 The plaintiff relies on the passage of the applicable three-year Statute of Limitations and the failure of the defendant State Farm Insurance Company to make their demand for arbitration within that period of time. Since the funds defendant sought to recover are repayments of continuing medical bills and lost wages defendant made pursuant to the No-Fault Law (Insurance Law § 5101 et seq.), the only issue for arbitration prior to the lapsing of the Statute of Limitations was the question of liability. The defendant claims that the plaintiff is equitably estopped from raising the question of liability and urges the court to find that the issue of liability has been conceded by the plaintiff in an earlier stage in this controversy and, therefore, arbitration would have been useless and unnecessary. The defendant also relies on General Obligations Law § 17-103 (4) (b), which gives the court the power to find that "by reason of conduct of the party to be charged it is inequitable to permit him to interpose the defense of the statute of limitation”.
The pertinent communications between the parties were as follows:
On April 21, 1987, the defendant requested from the plaintiff $11,876.50, as reimbursement for payment defendant made for medical expenses and lost wages on behalf of defendant’s insured. On July 20, 1987, the defendant requested from the plaintiff $8,083.99, as repayment for property damages to the defendant’s insured’s motor vehicle (this notice also reflected increased medical expense cost totaling $14,890.87). This was followed by a letter to plaintiff on October 30, 1987, asking plaintiff to communicate its position to the defendant. On November 25, 1987, plaintiff’s reply indicated that they were investigating the liability claim and would advise defendant of its conclusions. In June 1988, defendant received $11,506.34 as reimbursement on the medical and lost wage expenses and $8,083.99 on the property damage claim. Thereafter, the defendant continued to seek reimbursement on the benefits it was paying to the insured and plaintiff did not reply to the defendant despite efforts on the part of the defendant to communicate. The plaintiff’s reply came after the three-year statute had lapsed and plaintiff claimed that the lapse of the three-year statute insulated it from any liability for future payments as defendant did not commence their arbitration action in a timely manner.
The key issue is whether under the circumstances outlined above, the defendant postponed its action in conformity with *1077 what it perceived was an admission of liability on the part of the plaintiff. An admission of liability by the plaintiff would make an arbitration of the liability question redundant and moot. Where the conduct of a party causes the adverse party to delay the bringing of a lawsuit until the Statute of Limitations has run, the doctrine of equitable estoppel will prevent inequitable use of the Statute of Limitations defense. (Robinson v City of New York, 24 AD2d 260.) If conduct of the defendant was such as to mislead a party, even without fraud or intent to deceive, and those actions cause a party to refrain from bringing an action in a timely manner, this is enough to warrant the application of equitable estoppel. (Robinson v City of New York, supra.)
In the instant case, the defendant asked for repayment of benefits it paid on behalf of the insured and the plaintiff responded that they would examine the liability. Thereafter, plaintiff paid 100% of the property damage claims and virtually all of the first demand for medical expenses. It is true that plaintiff did not explicitly declare an admission of liability for these repayments, but the actions and conduct in fully repaying as demanded would lead a reasonable person to conclude that the plaintiff had conceded the liability issue. This court is not unmindful of the case of State Farm Mut. Auto. Ins. Co. v Regional Transp. Serv. (79 AD2d 858 [4th Dept 1980]), wherein a different result obtained. It is the opinion of this court that given the factual circumstances of this case, and the different legal arguments profered, the plaintiff is equitably estopped from invoking the Statute of Limitations. Under the principle of equity, the plaintiff may not now take advantage of the defendant’s detrimental reliance on its conduct which appeared to concede the issue of liability.
Accordingly, plaintiff’s motion to stay arbitration is denied.