OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the defendant’s cross motion for summary judgment dismissing the complaint should be granted.
The plaintiff-respondent insurance company (Hartford) sued the defendant-appellant attorney (Advocate) to recoup fire insurance proceeds which Hartford had paid to an insured partnership, One-Five-Three Associates (Associates), on its partnership policy for fire damage to a building and contents owned by Associates. Advocate, a partner, held a 2ti% partnership interest in Associates. He had previously sued Hartford, on a separate fire insurance policy which covered him personally, for damages caused by the same fire. That lawsuit was unsuccessful because the jury found that Advocate procured the arson. Hartford thereafter sued Advocate in the *1040 instant action and secured a money judgment against him in both lower courts based on a complaint containing two causes of action based on its subrogated rights and fraud stemming from the payment of the policy proceeds to Associates.
Hartford’s payment of the fire insurance proceeds to Associates in satisfaction of the partnership policy shifts to the insurer, by subrogation principles, all rights and impediments that flowed between the partnership and its minority-interest partner, Advocate. For example, Associates had a potential claim in intentional tort against Advocate for his conduct in procuring the fire. Accordingly, Hartford’s first cause of action against Advocate in the matter before us was expressly pleaded in subrogation based on Advocate’s "intentional” act of procuring the fire on February 5, 1984. The Statute of Limitations governing that cause of action is three years (CPLR 214 [4]). It is not six years, as the lower courts concluded, because this first cause of action is not a fraud claim in any respect. Inasmuch as the subrogee Hartford’s lawsuit against Advocate was begun on May 23, 1988, the first cause of action is beyond the three-year limitation and should be dismissed.
The source and nature of the second cause of action, pleaded as intentional fraud, are difficult to discern on this record. No matter how denominated or construed, however, the cause fails to state a viable claim as between these parties. In one respect, if viewed as aimed at Advocate’s direct fraud against Hartford by reason of Advocate’s claim under his personal fire insurance policy, no claim is stated. Because no payment was ever made on that policy, Hartford suffered no injury on that theory and no wrong has been pleaded. Indeed, that policy is not before us.
Alternatively, Hartford’s second cause of action does not state a fraud claim based on Advocate’s conduct against Associates. Even on the most liberal reading of the pleading, there is no allegation, express or implied, that Advocate made any misrepresentations that induced the payment of the proceeds of the partnership policy.
That being so, the dismissal of the first cause of action on Statute of Limitations grounds and the second cause of action on pleading deficiency grounds ends the matter for all purposes. This Court, therefore, has no reason to pass on the ultimate merits of the lawsuit; or on the analysis and discussion in the lower courts; or, finally, on the misconduct of lawyer Advocate.
*1041 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.