■ In the Matter of TRAVELERS INSURANCE COMPANY, Appellant, v STATE FARM INSURANCE COMPANY, Respondent.— Order affirmed with costs for reasons stated in decision at Supreme Court, Gorski, J.

All concur, except Green and Lawton, JJ., who dissent and vote to reverse in the following Memorandum.

Green and Lawton, JJ. (dissenting). We respectfully dissent. We agree that petitioner's conduct was equivocal and misleading and that one may justly criticize the position advanced by petitioner. Nevertheless, we do not believe that a court should invoke its equitable powers to resolve this dispute between

two insurance companies. Respondent is fully familiar with the rules and regulations that govern the making of a claim for loss transfer benefits. Questions concerning admissions of liability and the time limits within which to make such a claim are well known to the insurance industry. It is incumbent upon each insurance company to protect its respective rights rather than looking to the court to shield it against errors of judgment or lapses of vigilance.

The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances *(Matter of Gross v New York City Health & Hosps. Corp.,* 122 AD2d 793, 794). Absent fraud or egregious conduct, not present in this case, we do not believe that a court should intervene in this garden variety dispute between two sophisticated commercial entities. There is no showing that petitioner unequivocally stated, by word or action, that it was assuming full liability. Respondent could have timely demanded arbitration on the issue of fault *(see, State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d 858, 859), but instead chose to rely on inconclusive facts and made what proved to be unfounded assumptions. Questions concerning unfair claim settlement practices are best left to another forum for resolution *(see,* Insurance Law art 26).

We would, therefore, reverse and grant the petition because respondent's claim is time-barred. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Arbitration.) Present —Callahan, J. P., Green, Balio, Lawton and Fallon, JJ. *[See,* 147 Misc 2d 1075.]