■ LUCILLE LOMBARDO et al., Respondents, v LAPAZ REALTY CORP. et al., Respondents, et al., Defendants, and NEWBORN CONSTRUCTION, INC., Appellant. [622 NYS2d 456] —In an action to recover damages for personal injuries, etc., the defendant Newborn Construction, Inc., appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated August 23, 1993, which denied its motion to dismiss the complaint and all cross claims insofar as they are asserted against it pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs to the respondents.

Contrary to the contention of the appellant Newborn Construction, Inc. (hereinafter Newborn), the Supreme Court properly denied its motion to dismiss the complaint and all cross claims insofar as they are asserted against it. This personal injury action clearly accrued upon the happening of the accident (see, CPLR 203 [a]; *Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94; *Jackson v L. P. Transp.,* 134 AD2d 661, 662, *affd* 72 NY2d 975; *State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d 858, 859-860). Since the action was commenced against Newborn within three years from the date of the accident, the action, and the cross claims asserted against Newborn, are not time-barred (see, CPLR 215 [5]). Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.