■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v PATRICIA BRUZZANO, Appellant. [622 NYS2d 307] —In a proceeding to stay arbitration of the appellant's underinsured motorist claim, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated September 16, 1993, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The appellant was injured in an automobile accident. Subsequently, she executed a general release in favor of the alleged tort feasors in exchange for $10,000. However, the appellant failed to obtain written consent from the respondent, the insurer of the appellant's automobile, before executing the general release. Prior written consent to settlement is required by the policy as a condition precedent to underinsurance coverage. In making such a settlement, the appellant failed to preserve the respondent's right of subrogation against those parties. Thus, the appellant's failure to comply with the written consent provision prejudiced the respondent

and precludes the appellant from asserting an underinsured motorist claim *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40).

We have considered the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.