■ In the Matter of PRUDENTIAL PROPERTY AND CASUALTY INSURANCE CO., Respondent. CHRISTINA M. BACCHUS, Appellant. [640 NYS2d 237] —In a proceeding pursuant to CPLR article 75 to stay arbitration of the appellant's underinsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Yachnin, J.), dated December 5, 1994, which granted the petition.

Ordered that the order is affirmed, with costs.

On September 26, 1990, the appellant was involved in a three-car accident and thereafter timely commenced a personal injury suit against the drivers of the other cars. On July 13, 1994, the appellant settled the action against one of the drivers for the limits of his insurance policy and executed a release which stated, among other things, that her insurance carrier, Prudential Property and Casualty Insurance Co. (hereinafter the petitioner), "will reserve its right for subrogation against the releasee for those sums paid to releasor under the underinsured motorist coverage [of the policy]". The appellant then discontinued her action against both of the other drivers.

When the appellant thereafter sought to arbitrate her claim pursuant to the underinsured motorist endorsement of her policy, the petitioner moved to stay arbitration. The petitioner

argued that the appellant had settled her claim without its consent in violation of the policy and had prejudiced its subrogation rights. According to the petitioner, the settlement and release were executed after the three-year Statute of Limitations period applicable to its subrogation claim had expired, thereby precluding any recovery in subrogation from the settling tortfeasor.

The Supreme Court granted the petitioner's motion to stay arbitration, finding that the settlement and release were executed after the expiration of the limitations period. The court concluded that the petitioner's subrogation rights were prejudiced because the release did not include a waiver of the tortfeasor's Statute of Limitations defense. We affirm.

It is undisputed that the appellant failed to obtain the petitioner's written consent, as required by the policy, before settling with a party who may have been liable for her injuries. Since the settlement and release were executed more than three years after the date of the accident, the petitioner's subrogation claim was time barred, as the applicable three-year limitations period commenced on the date of the accident (*see, Matter of Nationwide Mut. Ins. Co. v MVAIC,* 190 AD2d 798).

Notably, the burden is on the insured to establish by "virtue of an express limitation in the release or of a necessary implication arising from the circumstances of its execution that the release did not operate to prejudice the subrogation rights of the insurer" (*Weinberg v Transamerica Ins. Co.,* 62 NY2d 379, 382-383). Here, the appellant failed to carry her burden of demonstrating that the absence of written consent did not prejudice the petitioner. Accordingly, the court properly granted the petitioner's motion to stay arbitration (*see, Weinberg v Transamerica Ins. Co., supra; Matter of Allstate Ins. Co. v Bruzzano,* 212 AD2d 528; *Matter of State Farm Mut. Ins. Co. v Parker,* 160 AD2d 882; *State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40, 41).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.