OPINION OF THE COURT
Memorandum.
Order unanimously reversed, without costs, and complaint dismissed as to appellants.
Plaintiff instituted this action to recover additional personal injury protection benefits (hereinafter APIP) paid to its insureds from November 21, 1991 until July 29, 1992, for a total sum of $5,447.35. The subrogation agreement executed by plaintiff’s insured Rita Bruskin on November 25,1991 indicates that the automobile accident upon which the claim for extended economic benefits was based occurred on December 20, 1987. An apparently timely action was commenced against the defendants Jeffrey and Rose Schwartz. The record shows that on January 19, 1993, Rita Bruskin signed a release settling that suit for $150,000, no payments of which were made to plaintiff. Defendants moved to dismiss pursuant to CPLR 3211 (a) (5) on the ground, inter alia, that plaintiff’s action was barred by the Statute of Limitations. The court denied the motion, finding that plaintiff’s subrogation rights accrued upon payment of the loss and that the APIP payments were made within three years of the commencement of the action. For the reasons set forth herein, the order is reversed and the complaint is dismissed.
We note initially that the release signed by plaintiff’s insured did not impair plaintiff’s subrogation rights, as defendants concede in their brief on appeal (see, Fowler v Pebble Hill Bldg. Corp., 120 AD2d 486; Aetna Cas. & Sur. Co. v Jackowe, 96 AD2d 37; see also, Government Empls. Ins. Co. v Jacobson, 98 AD2d 811). However, while plaintiff, as subrogee of its insured, may maintain a direct action to recover APIP *505 benefits paid to its insureds against defendants Jeffrey Schwartz and Rose Schwartz, there is no statutory or common-law authority for the commencement of an action against the defendant insurer Liberty Mutual Insurance Co. in the absence of a judgment obtained against defendant Liberty’s insureds (see, Insurance Law § 3420). Accordingly the action against defendant Liberty Mutual Insurance Co. must be dismissed. Plaintiff’s action against defendants Jeffrey Schwartz and Rose Schwartz must also be dismissed as time barred by the Statute of Limitations.
It is well settled that an insurer’s subrogation rights accrue upon payment of the loss (Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 582; Federal Ins. Co. v Andersen & Co., 75 NY2d 366, 372). It is further equally well established that the subrogation rights of an insurer are derivative and limited to such rights as the insured would have had against a third party for its default or wrongdoing (Federal Ins. Co. v Andersen & Co., supra, at 372; Winkelmann v Excelsior Ins. Co., supra, at 582). Thus, the insurer is subject to whatever defenses the third party might have asserted against its insured including the same Statute of Limitations (Seven Sixty Travel v American Motorists Ins. Co., 98 Misc 2d 509). Plaintiff’s claim for APIP benefits paid to its insured clearly falls under the principle of subrogation. As such, plaintiff’s subrogation rights are subject to the same three-year tort Statute of Limitations, measured from the date of the accident, as though the cause of action had been brought by its insured (see, Seven Sixty Travel v American Motorists Ins. Co., supra). Accordingly, plaintiff’s action, which was commenced nearly six years after the date of the accident, was untimely and should have been dismissed against defendants Jeffrey Schwartz and Rose Schwartz on this ground.
Plaintiff urges on appeal that an exception to the common-law doctrine of subrogation should be made as it applies to APIPs. However, we find no basis upon the present record to depart from the well-settled principles of law enunciated in the aforementioned cases which are governing here.
The recent Court of Appeals decision Matter of MVAIC v Aetna Cas. & Sur. Co. (89 NY2d 214), in which it was held that the three-year Statute of Limitations period of CPLR 214 (2) applied to a cause of action to recover payment of first-party benefits by MVAIC against the insurer of a vehicle who denied no-fault coverage, measured from the initial date of payment to claimants, does not warrant a different result than that *506 reached herein. That case involved statutorily created obligations and rights and is distinguishable from plaintiffs cause of action in the instant case which is clearly in the nature of common-law subrogation.
DiPaola, P. J., Stark and Ingrassia, JJ., concur.