[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' MOTION FOR COLLATERAL SOURCE REDUCTION
In this case, which involved a motor vehicle accident that occurred on December 14, 1991 in New Haven, Connecticut, the jury found in the plaintiff's favor and returned a verdict of $59,892.98, of which $8,392.98 represented economic damages. The defendants have moved for a collateral source reduction for the amount of economic damages awarded.
In connection with this motion, the parties have agreed on the following facts: The plaintiff was insured under a policy issued in New York to her father, Edward Everett of 39 Sunset Road, Montrose, New York, by Metropolitan Property and Casualty Insurance Company ["Metropolitan"]. Metropolitan is a duly licensed insurance provider in New York and Connecticut. Metropolitan paid the plaintiff wage benefits of $360 and medical benefits of $8,668.64 pursuant to the terms of its policy. The plaintiff or her family paid $250 in premiums for the no fault coverage provided by Metropolitan.
The question is whether the $8,392.88 in economic damages which the jury awarded should be reduced as a result of automobile accident insurance benefits paid to the plaintiff by her insurer. General Statutes § 52-225b(1) defines a CT Page 13187 "collateral source" as "any payments made to the claimant . . . by or pursuant to . . . [an] . . . automobile accident insurance that provides health benefits, and any other similar insurance benefits. . . ." General Statutes § 52-225a(a) provides for the reduction of economic damages by collateral source payments; however, it also provides "that there shall be no reduction for . . . a collateral source for which a right of subrogation exists. . . ." The issue is whether a right of subrogation exists in the plaintiff's New York insurer.
The defendant claims that because the insurance policy under which medical benefits were paid to the plaintiff was written in New York, the court must look to New York law to determine whether Metropolitan has a right of subrogation. The plaintiff contends, however, that the court should look to Connecticut law because, at the time of the accident, General Statutes § 38a-371
(a)(2) required an out of state vehicle travelling through Connecticut to provide minimum no fault benefits.
"The usual rule is that a contract is to be construed according to the law of the place where the contract was made."Williams v. State Farm Mutual Automobile Ins. Co., 229 Conn. 359,366, 641 A.2d 783 (1994). See also Colonial Penn. Insurance Co.v. Gibson, 552 A.2d 644, 646-48, 230 N.J. Super. 55 (1989) (applying the law of the state where the insurance policy was issued in order to determine the extent of the insurer's subrogation rights). Moreover, "[t]he validity of a contract of . . . casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy . . ." 1 Restatement (Second), Conflict of Laws, § 193 (Rev. 1988). "The rule . . . calls for application of the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship to the contract and the parties." Id., comment c.
The stipulated facts and the evidence at trial lead the court to conclude that New York law should be applied to determine whether Metropolitan has a right of subrogation for the medical benefits it paid the plaintiff because it appears that, in entering into the insurance policy, the Everetts and Metropolitan understood that New York law was to apply and that New York was to be the principal location of the insured risk.[1] Moreover, CT Page 13188 as to the particular issue of subrogation, Connecticut does not have "a more significant relationship" than New York either to the insurance policy or the Everetts and Metropolitan. The fact that Connecticut, by virtue of the provisions of General Statutes § 38a-371 (a)(2), required the Everitt vehicle to maintain minimum no fault coverage while travelling through this state does not alter the court's conclusion that New York law should govern the interpretation of Metropolitan's insurance policy with the Everetts.
The parties have stipulated that the plaintiff was insured under a policy issued in New York to her father, Edward Everett, of 39 Sunset Road, Montrose, New York, by Metropolitan. The evidence at trial established the following: At the time of the accident, the plaintiff was a 22 year old student in her last term at Southern Connecticut State University. Her classes had ended the day before the accident. Her parents resided in New York. The car she was driving had New York marker plates (exs. B, C, D), indicating it was registered in New York. When she initially sought treatment for her injuries in the emergency room of the Hospital of St. Raphael, she gave her address as 39 Sunset Rd., Montrose, New York (exhibit E). The plaintiff did not follow-up with a physician in the New Haven area because she was planning to go back to New York. She returned to New York before the holidays and sought treatment there after the first of the year. She continued to live and work in New York and lived there until she moved to Connecticut in the summer of 1994.
Moreover, certain letters written in 1992 by Metropolitan to the plaintiff's lawyers, (exhibits A and B submitted by defense counsel in connection with this motion) specifically refer to policy provisions regarding the applicability of section 5104 (b) of New York (McKinney's) insurance law with respect to Metropolitan's right to subrogation in the event of a successful claim against a non-covered party. This demonstrates Metropolitan's intent to be governed by New York law.
New York allows its insurers a limited right of subrogation for basic economic benefits paid under its no fault law. McKinney's Insurance Law § 5104 (b) provides for a lien for first party benefits only when an action is brought against a "non-covered person." While a "non-covered person" is not defined, a "covered person" is defined under McKinney's Insurance Law § 5102 (j), in pertinent part, as "any owner or operator . . . of a motor vehicle which has in effect the CT Page 13189 [required] financial security . . ." In this case, since the defendants were adequately insured, they would qualify as covered persons and the provisions of § 5104 (b) would not apply. SeeLiberty Mutual Ins. Co. v. United States, 490 F. Sup. 328, 334
(E.D.N.Y. 1980).
Rather, McKinney's Insurance Law § 5104 (a), which prohibits the recovery of basic economic loss in a suit between covered persons, applies to this case. When both parties to an accident are covered persons, "the intent of the New York [law is] to place the burden of paying first party benefits on the injured party's insurer — and to leave that burden there . . ." (Emphasis supplied.) Id. "[N]o fault legislation reflects a public policy designed to make the insurer of first party benefits absorb the economic impact of loss without resort to reimbursement from its insured or, by subrogation, from the tortfeasor . . . The statute does not create a right of subrogation." (Internal citation omitted) Country Wide Ins. Co.v. Osathanugrah, 94 App. Div.2d 513,514-15, 465 N.Y.S.2d 26, 27 (App.Div. 198 3), aff'd. 62 N.Y.2d 815, 477 N.Y.S.2d 623,466 N.E.2d 163 (1984).
Since Metropolitan has no right of subrogation under New York law, the exception of General Statutes § 52-225a (a)(1) does not apply in this case. The medical benefit paid by Metropolitan is a collateral source within the meaning of General Statutes § 52-225b(1).
The defendants are entitled to a reduction in the economic damages award in the amount of $8,392.98 less the premium of $250 paid to secure the collateral source benefit. General Statutes § 52-225a(c). Accordingly, the economic damages award is reduced by the amount of $8,142.98.
LAGER, J.