■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and CLARENDON NATIONAL INSURANCE COMPANY, Appellant. [688 NYS2d 855] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order that granted reargument of the petition and, upon reargument, granted in part the petition and permanently stayed 27 of the 30 loss-transfer arbitrations at issue. We affirm.

After the collision of a bus and a passenger vehicle, the injured bus passengers filed no-fault claims with the insurers of both vehicles. Respondent submitted to arbitration 30 loss-transfer claims against petitioner, which then sought to stay

arbitration contending, *inter alia*, that the claims accrued on the date of the underlying accident and were barred by the three-year Statute of Limitations (*see,* CPLR 214 [5]).

Supreme Court properly treated petitioner's motion as one to reargue because the Statute of Limitations was raised in the petition (*see, Fedchak v Stay Co.,* 222 AD2d 1125; *cf., Midstate El. Co. v Empire-Salina Assocs.* [appeal No. 2], 190 AD2d 1061; *see also,* CPLR 7502 [b]) and properly granted in part the petition, permanently staying the 27 arbitrations. It is well-settled that loss-transfer arbitration claims between private insurers accrue on the date of the underlying injury (*see, State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d 858, 859; *Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.,* 77 AD2d 5, 7, *lv denied* 53 NY2d 602; *cf., Matter of MVAIC v Aetna Cas. & Sur. Co.,* 89 NY2d 214 [involving an agency of statutory creation]). (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Arbitration.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Balio, JJ.