■ UTICA MUTUAL INSURANCE COMPANY, as Subrogee of the Town of Sand Lake, Appellant, v LAURA AVERY, Respondent. [690 NYS2d 760] —Mikoll, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered March 13, 1998 in Rensselaer County, which granted defendant's motion to dismiss the complaint as time barred.

Defendant was employed as Clerk of the Town of Sand Lake Justice Court from April 16, 1990 through January 23, 1991. On January 23, 1991, she was asked to resign based upon a State audit revealing discrepancies in the Justice Court's financial records, including missing funds in excess of $3,000. The Town subsequently submitted a claim to plaintiff for the loss, which plaintiff settled in December 1992 with a payment of $3,648.

On February 10, 1997, plaintiff, as subrogee, commenced this action against defendant to recover the moneys it paid to the Town. Because it was unable to serve defendant within the requisite 120-day time limit, plaintiff filed a second complaint on September 30, 1997. Before answering, defendant moved to dismiss the complaint on the ground, *inter alia*, that the action was untimely. Supreme Court found that the cause of action accrued, at the latest, on January 23, 1991 and, applying the six-year Statute of Limitations pursuant to CPLR 213 (1),* dismissed the claim as time barred. Plaintiff appeals.

---

* Arguably, the mishandling of funds in question fits the definition of conversion (*see, Vigilant Ins. Co. v Housing Auth.*, 87 NY2d 36, 44; *Kranz v*

The sole issue on this appeal is whether Supreme Court correctly determined the date on which plaintiff's cause of action accrued. Plaintiff argues that the limitations period did not begin to run until February 11, 1991, the date on which the Town received the official audit of the Department of Audit and Control, since prior to that date the Town's liability for the missing funds was not fixed. We disagree.

A cause of action accrues upon the occurrence of all events essential to the claim such that the plaintiff would be entitled to judicial relief (*see, Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175; *Guglielmo v Unanue*, 244 AD2d 718, 721; *see also*, CPLR 203 [a]). We are satisfied that all events necessary to plaintiff's cause of action had occurred no later than January 23, 1991. The loss of funds had been discovered prior to that date, and the Town was sufficiently convinced of defendant's responsibility therefor that it demanded and received her resignation. While it is true that the precise amount of the loss was not finally ascertained until completion of the audit, the operative facts and determinations occurred no later than January 23, 1991. Contrary to plaintiff's contention, we do not consider the formal determination of the Town's liability to the State for the missing funds to be a condition precedent to its right of action against defendant. Since plaintiff's subrogation claim was "subject to whatever defenses the third party might have asserted against its insured" (*Federal Ins. Co. v Andersen & Co.*, 75 NY2d 366, 372; *see, Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 582), Supreme Court properly dismissed the complaint as untimely.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

 ---

*Town of Tusten*, 236 AD2d 675, 676; *Baratta v Kozlowski*, 94 AD2d 454, 464), for which the shorter three-year Statute of Limitations of CPLR 214 (3) would apply. However, both parties adopt the position that, in the absence of a specific Statute of Limitations for an action to recover embezzled funds, the applicable limitations period is six years pursuant to CPLR 213 (1). Since the parties so limit their contentions on appeal, we have no occasion to address the issue of whether plaintiff's claim is one for conversion.