■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v
LARRY CLARK, JR., et al., Respondents, et al., Defendant. [745
NYS2d 64] —In an action for indemnification, the plaintiff appeals from an order of the Supreme Court, Suffolk County
(Dunn, J.), entered April 19, 2001, which granted the motion of
the defendants Larry Clark, Jr., and A One A Auto Co., Inc., to
dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7) and (5).

Ordered that the order is affirmed, with costs.

On October 22, 1992, the plaintiff's insured, Rita Cordovi,
was injured as the result of an automobile accident involving
her car and a vehicle owned by the defendant A One A Auto
Co., Inc., and operated by the defendant Larry Clark, Jr. (hereinafter collectively referred to as the respondents). Cordovi
never sued the respondents; rather, she sought arbitration
against the plaintiff, seeking uninsured motorist benefits under
her policy issued by the plaintiff. Despite being aware of the
respondents' identities, and that of their insurer, Nationwide
Mutual Insurance Company, the plaintiff never petitioned to
stay arbitration. Approximately six years later, in 1998, an
arbitrator awarded Cordovi $35,000, and the plaintiff paid that
amount to her. Subsequently, in April 2000, the plaintiff commenced the instant action for indemnification. The Supreme
Court granted the respondents' motion to dismiss the complaint
pursuant to CPLR 3211 (a) (7) and (5). We affirm.

Here, the plaintiff sought to recover an uninsured motorist
benefits payment that it made to its insured six years after the
accident pursuant to an arbitration award. Despite having
early knowledge of the identity of the respondents and their
automobile insurer, the plaintiff never sought to stay arbitration and bring them into its insured's proceeding as additional
respondents. Under these circumstances, the plaintiff's remedy
was not indemnification, but rather subrogation for negligence
(see Hanover Ins. Co. v Finnerty, 225 AD2d 1054; State-Wide
Ins. Co. v Buffalo Ins. Co., 105 AD2d 315, 322-323). Accordingly, the Supreme Court properly dismissed the complaint,
which sounded in indemnification, for failure to state a cause
of action.

Moreover, even if the plaintiff had asked for leave to amend
its complaint to add a cause of action for subrogation, the
Supreme Court properly determined that such a claim would
have been barred by the statute of limitations. It is well settled
that since the nature of subrogation is derivative of the
underlying tort action, the cause of action accrues from the
date of the accident, not the date of payment (see Matter of

*Nationwide Mut. Ins. Co. v Motor Vehicle Acc. Indem. Corp.,*
190 AD2d 798, 800). Thus, since the plaintiff did not commence
this action until more than six years after the accident, any
claim for subrogation that it might have had was time-barred
(*see* CPLR 214 [5]). O'Brien, J.P., Krausman, Schmidt and
Cozier, JJ., concur.