■ Bias Limud Torah, Inc., Respondent, v County of Sulli-van et al., Appellants. [760 NYS2d 896] —Motion for resettlement and clarification.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ordered that the motion is granted, without costs, and the decretal paragraphs of this Court's decision and order dated and entered January 24, 2002 (290 AD2d 856) are amended to read as follows: Ordered that the order entered October 30, 2000 is modified, on the law, without costs, by reversing so much thereof as allocated responsibility for the refund ordered between defendant County of Sullivan and defendant Town of Bethel; said refund and the interest thereon to be paid by defendant County of Sullivan; and, as so modified, affirmed. Ordered that the order entered March 21, 2001 is modified, on the law, without costs, by reversing so much thereof as vacated that part of a prior order granting summary judgment to defendant Liberty School District and as ordered defendant County of Sullivan to pay the full refund due plaintiff; plaintiff awarded a refund in the amount of $16,921.72, together with interest thereon; and, as so modified, affirmed.

Mercure, J.P., Crew III, Spain, Carpinello and Rose, JJ., concur.

FOURTH DEPARTMENT, MAY, 2003

(May 2, 2003)

■ Amy M. Walker et al., Respondents, v Daniel J. Stein, Appellant. (Action No. 1.) Daniel J. Stein, Interpleading Plaintiff-Appellant, v Allstate Insurance Company, Inter-pleader Defendant-Respondent. (Action No. 2.) Allstate In-surance Company, as Subrogee of Amy M. Walker, Respond-ent, v Daniel J. Stein, Appellant. (Action No. 3.) [758 NYS2d 451] —Appeal from an order of Supreme Court, Niagara County (Lane, J.), entered February 26, 2002, which, inter alia, denied the motion of Daniel J. Stein to dismiss action No. 3.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motion of Daniel J. Stein in action No. 3 and dismissing that action as time-barred and as modified the order is affirmed without costs.

Memorandum: Amy M. Walker was injured in an automobile

accident on May 24, 1995. She and her husband thereafter commenced action No. 1, seeking to recover damages for personal injury from Daniel J. Stein, the defendant in action Nos. 1 and 3 and the plaintiff in action No. 2. Action No. 1 was settled by a stipulation placed on the record in open court on February 20, 2001. By the terms of that stipulation, Stein was to pay the Walkers $300,000 in settlement and "general release" of the personal injury claim, while Stein, the Walkers, and the Walkers' insurer, Allstate Insurance Company (Allstate), the plaintiff in action No. 3 and a defendant (along with the Walkers) in action No. 2, would reserve "whatever rights or obligations or defenses" they otherwise might have with respect to any attempt by Allstate to recover from Stein an amount equivalent to the $42,000 in additional personal injury protection (APIP) benefits paid by Allstate to the Walkers over and above the statutorily mandated $50,000 of no-fault coverage. Such APIP payments had been made by Allstate beginning June 29, 1998.

Notwithstanding the stipulation of settlement, a dispute almost immediately arose among the parties concerning both the language of a "general release" prepared by counsel for Stein for execution by the Walkers and the terms of two drafts by which Stein tendered the $300,000 settlement proceeds to the Walkers. The dispute concerned whether the settlement and contemplated "general release" in fact reserved a right on the part of Allstate to recover from Stein an amount equivalent to the APIP benefits paid by Allstate to Amy Walker. Accordingly, the Walkers accepted a draft for $200,000 but rejected another for $100,000 made payable to them, their attorney, and Allstate. On motion of the Walkers in action No. 1, Supreme Court granted a judgment for the Walkers against Stein in the amount of $101,906.30, representing the unpaid $100,000 portion of the settlement, plus interest, costs and disbursements. Stein subsequently moved to vacate that judgment. On May 4, 2001, before that motion was decided, Allstate commenced action No. 3, seeking to recover from Stein an amount equivalent to the APIP benefits paid to Amy Walker. Stein thereafter commenced action No. 2, an interpleader action by which he sought leave to pay into court the outstanding $100,000 of the agreed-upon settlement amount and thereby obtain a discharge from any further liability to the Walkers or Allstate. Subsequently, Stein moved to dismiss action No. 3 as, inter alia, untimely commenced. Allstate moved and the Walkers cross-moved to dismiss the complaint in action No. 2. Stein appeals from an order that denied his motions to vacate the judgment in action No. 1 and to dismiss action

No. 3, and that granted the motion of Allstate to dismiss the complaint in action No. 2.

We conclude that the court should have granted Stein's motion in action No. 3 and dismissed Allstate's action as untimely commenced. Allstate's action, i.e., a non-statutorily derived action commenced by the insurer of the injured party to recover from the tortfeasor amounts paid by the insurer to the insured, is properly characterized as a subrogation action (*see Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 174 [1986]; *Country Wide Ins. Co. v Osathanugrah,* 94 AD2d 513, 514 [1983], *affd* 62 NY2d 815 [1984]; *Liberty Mut. Ins. Co. v Clark,* 296 AD2d 442 [2002]; *Seven Sixty Travel v American Motorists Ins. Co.,* 98 Misc 2d 509, 512-515 [1979], *affd* 73 AD2d 761 [1979]; *Nationwide Mut. Ins. Co. v Schwartz,* 172 Misc 2d 503, 505 [1997]). Indeed, Allstate itself so characterizes the action, alleging in its complaint against Stein that, upon payment of the APIP payments to the Walkers, Allstate "became subrogated to the rights [of the Walkers] against" Stein, the tortfeasor.

Allstate's subrogation action is governed by the same statute of limitations applicable to action No. 1, the personal injury action commenced by the Walkers against Stein (*see Matter of Allstate Ins. Co. [Clarendon Natl. Ins. Co.],* 259 AD2d 971, 972 [1999]; *Matter of Prudential Prop. & Cas. Ins. Co. [Bacchus],* 226 AD2d 384, 385 [1996]; *State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d 858, 859 [1980]; *Nationwide Mut. Ins. Co.,* 172 Misc 2d at 505). That is consistent with the principles that a subrogation claim is derivative of the underlying claim and that the subrogee possesses only such rights as the subrogor possessed, with no enlargement or diminution (*see Country Wide Ins. Co.,* 94 AD2d at 515; *Liberty Mut. Ins. Co.,* 296 AD2d at 442-443; *State Farm Mut. Auto. Ins. Co.,* 79 AD2d at 859; *Nationwide Mut. Ins. Co.,* 172 Misc 2d at 505; *see generally Federal Ins. Co. v Andersen & Co.,* 75 NY2d 366, 372 [1990]; *United States Fid. & Guar. Co. v E.W. Smith Co.,* 46 NY2d 498, 504 [1979]; *Exchange Mut. Indem. Ins. Co. v Central Hudson Gas & Elec. Co.,* 243 NY 75, 78-80 [1926]). It is likewise consistent with the principle that a defendant in a subrogation action has against the subrogee all defenses that he would have against the subrogor, including the same statute of limitations defense that could have been asserted against the subrogor (*see State Farm Mut. Auto. Ins. Co.,* 79 AD2d at 859; *Seven Sixty Travel,* 98 Misc 2d at 512-514; *Nationwide Mut. Ins. Co.,* 172 Misc 2d at 505; *see generally Hartford Fire Ins. Co. v Advocate,* 78 NY2d 1038, 1040 [1991]; *Federal Ins. Co.,* 75 NY2d at 372; *Utica Mut. Ins. Co. v Avery,* 261 AD2d 802, 803 [1999], *lv denied* 93 NY2d 818 [1999]).

We thus conclude that Allstate's subrogation action is governed by a three-year limitations period, which began to run on the date of the accident (*see Liberty Mut. Ins. Co.,* 296 AD2d at 442-443; *Allstate Ins. Co.,* 259 AD2d at 971-972; *Prudential Prop. & Cas. Ins. Co.,* 226 AD2d at 385; *Nationwide Mut. Ins. Co.,* 172 Misc 2d at 505). Consequently, we modify the order by granting Stein's motion in action No. 3 and dismissing that action as time-barred inasmuch as it was not commenced within three years of the accident.

In concluding that the subrogation action was timely commenced, the court erroneously reasoned that Allstate's subrogation claim did not come into existence, and hence did not accrue, until Allstate paid the APIP benefits to the Walkers. The dissent is similarly mistaken in regarding Allstate's acquisition of subrogation rights upon the making of APIP payments to the Walkers as an "accrual" distinct from the accrual of the underlying claim to which Allstate became subrogated by reason of such payments. That conclusion, as previously indicated herein, is inconsistent with the theory underlying the doctrine of subrogation and the rules governing the prosecution and defense of subrogation claims.

In light of the foregoing, the paradox perceived by the dissent, i.e., that the subrogation claim had to have been (but could not have been) interposed before it in fact "accrued" upon payment of APIP benefits, is illusory. In any event, the paradox represents a problem of Allstate's own making. That problem does not result, as the dissent supposes, from the failure of Allstate to commence a separate subrogation action "preemptively" or anticipatorily. Instead, it results from the failure of Allstate to insist on the resolution of its subrogation claim against the tortfeasor for APIP payments as part of a global settlement of the personal injury claims (*cf. Prudential Prop. & Cas. Ins. Co.,* 226 AD2d at 384-385). In that connection, we note that Allstate had made all of the APIP payments in question and was aware of its right of subrogation against the tortfeasor at the time of the settlement and "general release" negotiated in action No. 1.

Further, in resolving the statute of limitations issue, the court erred in relying on a statutory recoupment case (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 219-222 [1996]; *see also Aetna Life & Cas. Co.,* 67 NY2d at 173-175) rather than on subrogation cases. The Third Department likewise erroneously relied on a statutory recoupment case in its decision in *Cardinell v Allstate Ins. Co.* (258 AD2d 853, 855 [1999]), which was heavily relied on by Supreme

Court. For that reason, unlike that court, we place no reliance on the decision in *Cardinell*. Cases involving the Motor Vehicle Accident Indemnification Corporation (MVAIC) and other statutory recoupment cases are inapposite because MVAIC as an entity is purely a creation of statute, and its rights and obligations are likewise derived entirely from statute and regulations (*see Motor Veh. Acc. Indem. Corp.,* 89 NY2d at 221). Further, the relevant statutes and regulations specifically confer upon MVAIC and other insurers "loss-transfer" or "responsibility-shifting" rights that arise upon payment (*id.* at 221). Here, in contrast to the MVAIC and other statutory recoupment cases, there is no statutory source of right (because APIP benefits are contractual and optional, not statutorily mandated), and action No. 3 is properly governed by common-law principles of subrogation (*see Allstate Ins. Co.,* 259 AD2d at 971-972; *Prudential Prop. & Cas. Ins. Co.,* 226 AD2d at 385; *Nationwide Mut. Ins. Co.,* 172 Misc 2d at 505-506).

We affirm those parts of the order denying Stein's motion to vacate the money judgment entered in favor of the Walkers against Stein in action No. 1 and granting the motion of Allstate to dismiss the complaint in action No. 2.

All concur except Burns and Hayes, JJ., who dissent in part and vote to affirm in the following memorandum.

Burns and Hayes, JJ. (dissenting in part). We respectfully dissent in part. We disagree with the majority that action No. 3, commenced by Allstate Insurance Company (Allstate) against Daniel J. Stein, was not timely commenced. Although we agree with the majority that the applicable statute of limitations for Allstate's subrogation action is three years, we cannot agree that the statute begins to run on the date of the underlying motor vehicle accident. Rather, we agree with Supreme Court that the statute begins to run on the date of the first payment of additional personal injury protection (APIP) benefits.

Here, the underlying motor vehicle accident involving Amy M. Walker and Stein occurred on May 24, 1995. Thus, the three-year statute of limitations applicable to action No. 1, the negligence action commenced by Amy Walker and her husband against Stein, began to run on May 24, 1995. As the majority correctly notes, Allstate's action against Stein is properly characterized as a subrogation action. However, as the majority also notes, APIP payments by Allstate to the Walkers as a result of the accident did not begin until June 29, 1998. The majority concludes that Allstate's action against Stein is time-barred because the three-year statute of limitations with re-

spect to the Walkers' action against Stein began to run on May 24, 1995, and Allstate's action against Stein was not commenced until May 4, 2001. Indeed, under the majority's analysis, the statute of limitations had already run approximately one month before the first APIP payment was made by Allstate. In our view, the majority's analysis and resulting conclusion are erroneous. Instead, we conclude that Allstate's action was timely commenced because the three-year statute of limitations did not begin to run until June 29, 1998, the date on which the first APIP payment was made by Allstate.

Allstate's subrogation rights cannot be said to have accrued until Allstate made its first APIP payment to the Walkers. While the majority refers to Supreme Court's misplaced reliance on statutory recoupment case law, the majority fails to recognize the underlying general principle referred to therein, that "[a] cause of action accrues, for the purpose of measuring the period of limitations, 'when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court'" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 221 [1996], quoting *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175 [1986]). That principle is not limited to statutory recoupment case law, and it applies equally to this case. Here, Allstate's right of subrogation was dependent upon a payment of APIP benefits, and it is illogical to conclude, as does the majority, that the statute of limitations with respect to the subrogation action began to run before Allstate's right of subrogation accrued. Indeed, had the Walkers elected not to commence a negligence action against Stein or, for that matter, had Allstate not made any APIP payments to the Walkers, any subrogation action commenced by Allstate preemptively, in order to avoid the running of the statute of limitations imposed by the majority, would be subject to dismissal based on the fact that no subrogation rights had yet accrued. In any event, such a preemptive subrogation action would, at a minimum, constitute a waste of judicial resources. In addition, we note that the majority refers to "the paradox perceived by the dissent" as arising from "the failure of Allstate to insist on the resolution of its subrogation claim against the tortfeasor for APIP payments as part of a global settlement of the personal injury claims." Allstate was not a party to the underlying personal injury action, nor did it have the right to intervene as of right pursuant to CPLR 1012. In addition, it was not granted permission to intervene pursuant to CPLR 1013. Thus, contrary to the statement of the majority, Allstate had no right to "insist" on the resolution of its subrogation claim. We therefore would

affirm. Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.